LOCKWOOD *against* REYNOLDS:

16  303
70  457

IN ERROR.

After a report of commissioners upon the estate of a deceased person represent-
ed insolvent, has been made and accepted, and after the expiration of eighteen
months from the time the order for the exhibition of claims was originally
made, the court of probate has no authority to renew the power of the com-
missioners, and allow a further time for the exhibition of claims.

THIS was an appeal from a decree of the court of probate for the district of *Stamford*, passed on the 25th of *March*, 1843, opening the commission of the commissioners on the estate of *Mills Lockwood*, deceased, represented insolvent. The decree appealed from was passed on the petition of *Edmund Lockwood*, claiming to be a creditor of said estate ; and the appeal was taken by *Abel Reynolds*, the administrator.

The petition of *Lockwood* to the court of probate stated, That on the 15th of *October*, 1838, the petitioner, at the request of said *Mills Lockwood*, signed with him, as his surety, a promissory note of that date, for 1091 dollars, payable to *J. Green*, on demand, for moneys, for the payment of which said *Mills Lockwood*, and he alone, was liable ; that *Green* afterwards brought a suit on this note, and recovered judgment for the amount, before the superior court, *September* term, 1840, and by force of said judgment, he, in *December*, 1840, compelled the petitioner to satisfy it ; that for this purpose, the petitioner gave to *Green* his individual promissory note for 1270

dollars, 11 cents, being the amount of the judgment and costs, and secured the payment of said note, by a mortgage of real estate; that by reason of the premises, the estate of said *Mills Lockwood* is justly indebted to the petitioner, in said sum of 1270 dollars, 11 cents, with interest thereon, which he is entitled to have allowed to him, as a claim against said estate, in the settlement thereof; that said estate having been represented as an insolvent estate, and commissioners appointed thereon, and a time limited, *viz.* six months from the 18th of *November,* 1839, for the exhibition of claims against said estate, the time so limited expired, and the commissioners afterwards, *viz.* on the 27th of *June,* 1840, made report of their doings to the court of probate, before the time when said judgment was rendered; that consequently, the petitioner never had an opportunity to exhibit his claim before the commissioners for allowance against said estate, and never did so exhibit it; that said estate is insolvent, and if the petitioner's claim is not allowed, and he is not permitted to come in with the other creditors for a dividend of said estate, in the final settlement thereof, he will necessarily sustain a loss, to the entire amount of said last-mentioned note, without any possible means of redress. The petitioner, therefore, prayed the court of probate to inquire into the truth of these allegations, and, on finding them true, to open the commission of the commissioners, or to appoint other commissioners on said estate, that he might have an opportunity to exhibit and prove his claim, and have it allowed against said estate.

On this petition, the court of probate, on the 25th of *March,* 1843, passed the following decree: " This court doth, upon the hearing of said petition, find the several allegations therein stated, true; and that by reason of the facts so found true, the petitioner hath a claim against said estate, which hath accrued since the expiration of the powers of said commissioners, under the former order of this court; which claim he hath had no opportunity to exhibit for allowance, before said commissioners; and that if he be not relieved, in some manner, pursuant to the prayer of said petition, he will be remediless, in regard to said claim; and that he ought to have an opportunity to present and prove said claim for allowance against said estate : and inasmuch as said estate is still in settlement before this court, as an insolvent estate, and as no dividend

of said estate among the creditors thereof, nor order for said dividend, has been made, but said estate still remains in the hands of the administrator, to be hereafter divided among those who shall be found entitled thereto; the court doth open said commission of said commissioners, and renew their powers, for the purpose of having exhibited to them for allowance against said estate, the said claim of said *Edmund Lockwood*, with power to receive and examine said claim, and allow the same, if proved by legal evidence to be justly due; and they are to meet at some suitable time and place for that purpose, and to give said *Edmund Lockwood* reasonable notice thereof, and to make report of their doings in the premises to this court, by the first *Monday* in *December* next."

The reasons of appeal contained four or five specifications, of which the first only is now material. In that specification, it was stated, that said estate having been represented, by the administrator, to be insolvent, the court of probate, on the 18th of *November*, 1839, appointed *Thomas B. Butler* and *Alfred Rundle*, Esqrs., commissioners on said estate, to receive, examine and adjust the claims of the several creditors of said estate, and did, at the same time, order said commissioners to give notice of their appointment and of the times and places of their meeting, by advertisement, &c., and did limit or allow six months from said 18th of *November*, for the creditors of said estate to exhibit and prove their claims to said commissioners; that said commissioners accepted their appointment, and gave the notices required by said order; that they met in pursuance of said notices, and received, examined and allowed all the claims against said estate exhibited and proved to them, by the creditors thereof; that at the expiration of six months, *viz.* on the 27th of *June,* 1840, they presented their report to the court of probate, setting forth all the claims, debts and demands of the creditors of said estate by them allowed; that they faithfully performed and discharged their whole duty, according to law; that their report was, by the court of probate, on the 1st of *March*, 1842, accepted, approved and ordered to be recorded; and that thereupon all the powers and authority of said *Butler* and *Rundle*, as such commissioners, were at an end.

The appellee pleaded, that the reasons of the appellant were untrue, and also insufficient in the law.

*Fairfield,*
*June, 1844.*

Lockwood
*v.*
Reynolds.

The cause was heard, by the superior court, at an adjourned term in *April,* 1842. The court found, that the allegations in the first specification of the appellant's reasons, were true and sufficient ; and thereupon disaffirmed the decree of probate appealed from.

The appellee thereupon filed a motion in error, and brought the record before this court for revision.

*Hawley,* for the plaintiff in error, contended, That in this case, the court of probate had power to open the commission, and allow a further time for the exhibition of claims.

In the first place, no dividend had been struck ; the assets all remained in the administrator's hands ; and no embarrassment in the proceedings, or injury to any one, would be produced.

Secondly, the powers and jurisdiction of a probate court, are *general ;* it being authorized, by " moulding and framing its decrees," as occasion may require, (where no particular course is prescribed by statute,) to do any thing and every thing necessary or proper for the attainment of its legitimate objects. 8 *Conn. R.* 281. It is declared by statute, that this court "shall act and judge in *all testamentary and probate matters,* and in *every other thing,* proper for a court of probate to act and judge in, according to law." *Stat.* 123. *tit.* 19. *s.* 25. Under this statute, it has full power to accomplish the objects of its institution ; and no specific enactment is necessary to authorize its action in a case within those objects.

Thirdly, it is the great object of our laws generally, and especially is it the chief concern of our probate system, that all just debts shall be *paid ;* in full, if there is estate enough— *pro rata,* if there is not.

Fourthly, until a dividend has been made, the estate is *within the power* of the court, and *subject to any order,* which the payment of debts may require. *Peck* v. *Sturges,* 11 *Conn. R.* 422, 3.

Fifthly, there is nothing in the language of the law debarring the claim in question, which would not, as our statute until recently stood, have equally debarred such a claim against a *solvent* estate ; yet in that case, it could always be enforced. *Stat.* 269. (ed 1808.) *Griswold* v. *Bigelow,*

6 *Conn. R.* 258. *Pendleton* v. *Phelps,* 4 *Day,* 476. *Backus* v. *Cleaveland, Kirb.* 36. 5 *Day,* 275. Indeed, the language of the statute applies only to such claims as existed, and *could have been exhibited,* before the expiration of the limited time.

Sixthly, if the court has no such power, then a creditor, whose claim accrued after the report of the commissioners, is remediless, even though all the debts reported be paid in full, and abundant estate be left; for there is no express provision for such a case; and all the debarring expressions of the law would apply as forcibly in such case, as in this.

*Bissell* and *Ferris,* for the defendant in error, contended, 1. That the proceedings under the commission, in this case, were *final;* the powers of the court of probate, in relation to this subject, being *exhausted.* The commissioners had reported; and their report had been accepted. *Hotchkiss* v. *Beach,* 10 *Conn. R.* 232. If in any case, the time originally limited may be extended, still it may not go beyond eighteen months, the longest time which the court of probate has power to allow. *Stat.* 238. *tit.* 31. *c.* 1. *s.* 40. (ed. 1838.) *Webb* v. *Fitch* & al. 1 *Root,* 177.

2. That if the court of probate has power to open the commission, it cannot be done without the notifications required under the original commission.

3. That there was no necessity nor just cause for the proceeding, in the present case; for the debt of the creditor might have been ascertained within the time originally limited. The claim for which he was surety, was due before the expiration of that time; and payment was delayed, by his own negligence.

CHURCH, J. The judgment of the superior court, which is the subject of this motion in error, was confined to the allegations in the first specification of the appellant's reasons; and to these alone our attention will be confined. They have been found to be both true and sufficient; and they present to us the question, whether the court of probate, acting upon an estate represented insolvent, has authority to renew the power of the commissioners, and allow a further time for the presentation of claims, after a report of commissioners has been made and accepted, and after the expiration of eighteen

*Fairfield,* June, 1844.

Lockwood *v.* Reynolds.

*Fairfield,*
June, 1844.

Lockwood
*v.*
Reynolds.

months from the time the order for presentation was originally made.

Our law regulating the settlement of insolvent estates, has no analogy to the common law; but all the duties and powers of executors, administrators, creditors and courts, while acting upon such estates, are regulated by statute. It is one of the prominent features in this system, that insolvent estates shall be *speedily settled ;* and therefore, it has been enacted, that every creditor, who shall not exhibit and make out his claim to the commissioners, before the expiration of the time limited for that purpose, shall be forever debarred of his or her debt, unless he or she can show other or further estate, not before discovered, and put into the inventory, &c. And the same statute has given power to courts of probate, to allow six, ten, or eighteen months, for creditors to exhibit their claims and prove their debts; and this is the extent of the power conferred. This is, in this respect, a statute of limitation, without any saving or proviso to protect contingent claims, or the debts of creditors residing out of the state, or being under disabilities. Indeed, such a proviso would entirely defeat this important object of the law—the speedy settlement of insolvent estates.

When the report of commissioners is accepted, it immediately becomes the basis and rule of average and payment. And an administrator could not be justified in suspending payment, by reason of any contingent claim against the estate, or to wait the convenience of a creditor residing abroad, or until some legal disability should be removed. If payment *pro rata* has been made to creditors whose claims have been allowed, the coming in of another debt, at some future and perhaps distant day, cannot be permitted to break in upon what has been done, however meritorious such debt may be. It is much better that an occasional partial evil should be endured, than that a principle so opposed to our salutary system, should be recognized. Herein the distinction between solvent and insolvent estates, is obvious. In the former, there remains a fund for the payment of future debts, without deranging payments already made to others; and this fund may be secured for this purpose, by requiring a bond to refund, from heirs and devisees.

In this case, it is true, no dividend had been yet declared,

by the court of probate ; but the only basis upon which this could be done, the report of the commissioners, had been accepted and established, and the full time allowed by law for action on this subject, had passed by.  If the court of probate could not, in the first instance, allow a longer time than eighteen months for this creditor to bring in his claim, from whence does it derive its power to do so afterwards ?  The law has limited the ultimate period, and the court cannot exceed it.  This statute of limitation, like all others, may, in some instances, be productive of individual injury ; but the remedy does not lie with the court.

*Fairfield,*
June, 1844.

Lockwood
*v.*
Reynolds.

To this principle, we believe, the immemorial practice of the courts of probate has conformed.  It has been usual for these courts, for good cause, to open commissions and revive the powers of commissioners, within the longest time prescribed by the law for the exhibition of claims ; but we know of no usage going beyond this.  Such seems to have been the understanding of the reporter of the case of *Webb* v. *Fitch* & al. 1 *Root,* 177. decided as long ago as the year 1790.  From so long a practical construction of the statute, we are not disposed to depart.

We feel the force of the argument derived from a contrary practice, supposed to exist, and to have been sanctioned by this court, in the case of *solvent* estates.  We have already noticed an essential distinction, as we think, existing between such estates and the present.  And if the distinction was not as broad and obvious as we see it to be, we should not readily extend the doctrine, which seems to have been recognized in the settlement of solvent estates, to cases like this.  To do this, we believe, would be to assume legislative powers.

We are of opinion, therefore, that there is nothing erroneous in the judgment of the superior court.

In this opinion, the other Judges concurred.

Judgment affirmed.