LEVI DEMING'S APPEAL FROM PROBATE.

Under the statute which gives a right of appeal to every person aggrieved by a decree of a probate court, a party appealing must not only have an interest, but it must appear on the face of the proceedings.

But where an appeal stated only that the appellant was "aggrieved" by the decree, and the appellee took no exception in the superior court, but the case was there tried on its merits and decided against the appellant, who brought the case by proceedings in error before this court, it was held that the appeal was not void, but that the interest was only defectively stated, and that advantage could not be taken of the defect at this stage of the proceeding.

By statute courts of probate may limit six, ten or eighteen months for the presentation of claims against estates represented insolvent. Where a court has limited a period less than eighteen months, and the time limited has not expired, the court may, in its discretion, extend the period to any time within the original eighteen months. But after a time limited has expired, the court cannot make a further extension except for good cause shown.

APPEAL from a decree of the court of probate for the district of New Britain, extending the time for the presentation of claims against the estate of Linus Beckley, deceased, represented insolvent; taken to the superior court in Hartford county.

The appeal was in the following form:—

"At a court of probate holden at New Britain, &c. Estate

26

of Linus Beckley, late of Berlin, in said District, deceased. Levi Deming, of Berlin, in Hartford county, Connecticut, appears in court and complains that he is aggrieved by the decree of said court, made on the 2d day of October, 1865, extending the time for the presentation of claims against said estate, from the 7th day of July. A. D. 1865, to the 7th day of November, A. D. 1865, and moves for an appeal from said decree to the superior court for the county of Hartford, to be held at Hartford, on the 3d Tuesday of December, 1865, and offers sufficient bonds of prosecution. This court doth allow said appeal, &c."

The appellant filed reasons of appeal, averring that there was no sufficient cause shown for extending the time. The case was referred to a committee, who reported the following facts:

Linus Beckley died on the 2d day of December, 1864. Francis Chambers was appointed administrator upon his estate on the 20th day of December, 1864, and the estate was represented insolvent. The court of probate appointed commissioners to receive claims, and they had not presented their report to the court at the time of the extension of the limitation hereinafter mentioned. The court limited the time for presentation of claims to the 7th day of July, 1865. On the 2d day of October, 1865, on motion of the administrator, the court extended the time for the presentation of claims upon the estate, and limited the extension to four months from the 7th day of July, 1865, the date of the expiration of the first limitation. The application to extend the time was made upon the ground that one creditor, H. N. Galpin, had been deceived as to the limitation. But there was no evidence offered to the committee to show that the said Galpin, or any other creditor of the estate, had been misled or deceived as to the time of limitation, either by the administrator or by the commissioners. Nor was any claimant or creditor in fact deceived. Nor was the administrator requested by any creditor or claimant to procure an extension. After the extension of the time as before mentioned, the claim of the said Galpin was presented and allowed by the commissioners, and

a claim of Charles R. Wright was presented and allowed in part.

The administrator appeared before the superior court and before the committee in opposition to the appeal, but no exception was taken to the form of the appeal.

Upon these facts the superior court, (*Carpenter, J.,*) affirmed the decree of the probate court, and the appellant brought the case before this court by a motion in error.

*McFarland,* for the appellant.

*T. C. Perkins* and *Chambers,* for the appellee.

PARK, J. This case was tried upon its merits in the court below upon the reasons of appeal filed by the appellant, and now for the first time the claim is made before this court that the appeal was void, on the ground that the record does not show that the appellant was interested in the estate of Linus Beckley at the time the appeal was taken.

This court will not now turn the parties out of court by erasing the case from the docket, unless it clearly appears that the superior court had no jurisdiction of the appeal.

A defect in the record of such a character that the superior court would have dismissed the case upon a proper plea filed for the purpose, would not necessarily be sufficient to quash the proceeding in this stage of the case. The time has elapsed for the appellee to take advantage of any defects upon the record of less importance than those sufficient to render the proceeding void. *Wardens and Vestry of Trinity Church* v. *Hall,* 22 Conn., 125.

No doubt a party must be interested in an estate to have the right of appeal, and such interest must appear on the face of the proceedings. *Saunders* v. *Denison,* 20 Conn., 521 ; *Swan* v. *Wheeler,* 4 Day, 137.

It appears from the record that the appellant appeared before the court of probate, and complained that he was aggrieved by the decree of the court, and moved for an appeal, which was allowed by the court. He could not have been

aggrieved by the doings of the court without having been interested in the estate. He claimed to be aggrieved, and the statute gives the right of appeal to all parties aggrieved. His interest is defectively stated, but we think enough appears to save the case from the claim of the appellee that the appeal is void.

It appears from the record that the court of probate extended the time for the exhibition of claims against the estate of Linus Beckley represented insolvent, after the time once limited by the court for the presentation of such claims had expired. It appears further that on the trial of the case in the court below no cause whatever was shown to the court for the extension of the time of limitation, and the question discussed before us is, whether a court of probate has discretionary power thus to extend the time without cause shown.

It is manifest from the reading of the statute regulating the settlement of insolvent estates, that the design of the law is that they shall be speedily settled. Every creditor is required to exhibit and prove his claim to the commissioners within the time limited by the court of probate for that purpose, or be forever debarred of his claim except in a certain contingency. There is no saving clause in regard to contingent claims, or the debts of creditors residing out of the state, but all persons having claims are required to conform to the rule prescribed. The same statute gives authority to courts of probate to allow-six, ten, or eighteen months for the creditors to exhibit and prove their claims, and that is all the power conferred. This view of the statute was taken by this court in the case of *Lockwood* v. *Reynolds*, 16 Conn., 303.

It is evident that some estates require a much longer time for the exhibition of claims than others, and the statute makes provision for this difference, and leaves the matter discretionary with the court of probate within certain limits, but when the court has once exercised its discretion by limiting a time for the exhibition of claims, and that time has expired, its discretion should be no longer exercised, but the power of the court should be confined to good cause shown to the

court why the time of limitation should be extended. Any other view of the statute would leave it in the power of the court of probate to prolong the settlement of any estate to the longest time mentioned in the statute. In the case of *Lockwood* v. *Reynolds,* above referred to, p. 309, the court say :— " It has been usual for the courts of probate, for good cause, to open commissions and revive the powers of commissioners within the longest time prescribed by the law for the exhibition of claims."

There is manifest error in the judgment complained of and it is therefore reversed.

In this opinion the other judges concurred, except CARPENTER, J., who having tried the case in the court below did not sit.