PARK, CARPENTER. FOSTER AND SEYMOUR, JS.

STEPHEN P. DAVIS'S APPEAL FROM PROBATE.

The act of July 19, 1867, (Acts of 1867, p. 99,) provides that commissioners on the insolvent estates of deceased persons, appointed to receive and act upon claims presented against such estates, shall give written or printed notice of the times and places of their meetings to all known creditors residing without the probate district. Held that by "known creditors" was meant creditors known to the executor or administrator, and not merely those known to the commissioners.

And held that the term "creditors" embraces all persons claiming to be such, and is not limited to those who have valid claims.

Under the statute (Gen. Statutes, tit. 20, sec. 108,) which provides that courts of probate may for sufficient cause extend the time limited for presenting claims against an estate, it is not necessary for the commissioners to be re-appointed, even though the time originally limited had expired and the commissioners had made their report to the court and it had been accepted.

The probate court has discretionary power in the matter of extending the time, within the extreme limit provided, but it must be in a case where there is good cause shown.

The Superior Court in probate appeals acts as a court of probate, and will affirm or reverse decrees of probate on such facts as shall be found to exist, and is not confined to the facts found by the probate court, as the basis of its decrees.

APPEAL by the appellant as administrator on the estate of Evan Davis, from a decree of a probate court extending the

time for presenting claims against the estate ; taken to the Superior Court in Middlesex County.

The decree appealed from was as follows :

" At a probate court holden at Middletown, within and for the district of Middletown, on the 9th day of December, 1870 ; Estate of Evan Davis, deceased.   On motion of attorneys for Warnimacker & Co., of Philadelphia, claiming to be creditors of said estate, and alleging that they neither received any notice, nor was any sent to them by the commissioners on said estate, as required by law; and praying that further time may be granted them within which to present their claims to said commissioners :—The counsel for said alleged creditors and for said estate having been fully heard, this court finds that no notice was sent to said alleged creditors by said commissioners as required by law, and it is therefore ordered that one month from the 9th day of December instant be, and the same is, limited and allowed for the creditors of said estate to present their claims to the commissioners on said estate."

The act of 1867 provides that commissioners on the estates of deceased persons settled as insolvent estates, shall give notice of the times and places of their meetings to receive claims by publication in a newspaper and by posting, and that " they shall, within ten days after their appointment, give a written or printed notice of such times and places, by mail or otherwise, to all known creditors of such estate residing without the probate district in which such estate is in course of settlement."

The appellant assigned, as reasons of appeal, that when the order appealed from was made the time limited for the presentation of claims to the commissioners had expired and they had made their report, which had been accepted by the court and recorded, and that the commissioners had not been re-appointed or others appointed in their places ; that the appellees were not known to the commissioners to be creditors until after their report was made and accepted ; and that no sufficient cause was shown to or found by the court for extending the time for presenting claims against the estate.

The court found the following facts :

Evan Davis, of Middletown, in the county of Middlesex, died in August, 1869. His son, the present appellant, was duly appointed administrator on his estate on the 20th of August, 1869, by the court of probate for the district of Middletown, and at once became qualified and entered upon the discharge of his duties as such administrator. On the 8th day of September, 1869, he represented the estate to be insolvent, and it was the same day decreed by the court to be an insolvent estate, and six months ·from that date were limited by the court · for the exhibition of claims by the creditors of the estate, to the commissioners thereon. Joseph E. Lathrop and Curtis Bacon were appointed commissioners to receive and examine claims against the estate. The commissioners were duly qualified and entered upon the discharge of their duties ; they gave notice of the times and places of their meetings by posting a notice on the sign-post in Middletown nearest where the deceased last dwelt, and by publishing the same in a weekly newspaper printed in the ·county of Middlesex, and pursuant to the notices they met to receive and examine the claims presented to them within the six months, by the creditors of the estate, and made their report, with a list of the claims allowed by them against the estate, to the court of probate, on the 10th day of October, 1870, which report was, on the 25th day of October, accepted by the court, approved and ordered to be recorded.

The commissioners had no knowledge at any time during the six months, or previously to the acceptance of their report on the 25th day of October, that the appellees were or claimed to be creditors of the estate. Nor did the appellees at any time during the period limited, or before the acceptance of the report, present any claim to the commissioners.

The administrator knew at the time of his appointment that the appellees were creditors of the estate, but had a counter-claim in favor of the estate larger than the claim of the appellees, which was not admitted by the appellees. Neither the administrator, the commissioners, nor any other person, ever at any time sent to the appellees any written

or printed notice as required by law to be sent to every known creditor of an insolvent estate.

On the 9th day of December, 1870, the appellees appeared before the court of probate by their attornies, claiming to be creditors of the estate, but offered no proof that they were such creditors, and asked the court that further time might be granted them within which to present their claims to the commissioners, and the court, without any evidence that the appellees were creditors of the estate, ordered that one month from the 9th day of December, 1870, be allowed for the creditors of the estate to present their claims to the commissioners, but the court did not in any other way renew the powers of the commissioners or make any new appointment of commissioners.

The appellees offered evidence to prove that they were creditors of the estate. To the admission of this evidence the appellants objected. If admissible the court found therefrom that the appellees from the time of the decease of Evan Davis were and still remained creditors of his estate.

Upon these facts the Superior Court reserved the case for the advice of this court.

*Culver* and *Warner*, for the appellant.

*Chadwick* and *Elmer*, for the appellees.

Park, J. We agree with the counsel for the appellant, that in cases of insolvent estates, when the court of probate has once exercised its discretion by limiting a time for the exhibition of claims against the estate and that time has expired, its discretion should be no longer exercised upon that subject without good cause being shown to the court why the time of limitation should be extended. This question was so decided in *Deming's Appeal from Probate*, 34 Conn., 201, and in *Lockwood* v. *Reynolds*, 16 Conn., 303. Whether the court of probate acted in accordance with this rule in extending the time for the exhibition of claims against this estate, is the principal question we are called upon to determine.

The record discloses that the appellees through their counsel appeared before the court and declared that they were creditors of the estate of Evan Davis, and that they had never

received any notice from the commissioners on the estate as required by law and that no such notice had ever been sent to them. The record then proceeds as follows : " The counsel for the alleged creditors and for the estate having been fully heard, this court finds that no notice was sent to the alleged creditors by the commissioners as required by law." It is comprehended in this finding that the court was fully satisfied that the appellees were not only creditors of the estate, but known creditors, for the law only requires that notice shall be sent to creditors residing without the probate district, who are known to be such. " No notice was sent as required by law," is the language of the finding. But if this is not conclusive on the subject, we are satisfied that the expression, " to all known creditors of the estate," means known to those who have charge of the estate ; those who are called upon to administer its affairs and have the custody of its books and papers ; those whose duty it is to inform themselves regarding all the debts and credits of the estate, and have the means of knowledge on the subject in their possession ; and not merely known to the commissioners, who ordinarily possess, and who naturally would possess, but little knowledge regarding the affairs of the estate.

Again, this expression, " to all known creditors," does not mean that the creditors must be known to be so in fact before they are entitled to the notice required by law. Such knowledge oftentimes cannot be possessed by triers even after the fullest hearing has been had on the subject. The statute must have a reasonable construction, and not one which will defeat the object of its enactment. We think the expression includes all persons who claim to be creditors of the estate, where the fact is known to the executors or administrators, or to the commissioners. Such persons are entitled to their day in court, and have the right to be heard, whether they are creditors in fact or not. The construction claimed by the appellant would prejudge their cause without a hearing, when the statute provides a tribunal to determine the case upon its merits.

It is further claimed that there was error in the proceed-

ings because the court of probate did not re-appoint the commissioners or renew their powers when the court extended the time for the presentation of claims against the estate.

This claim is based upon the theory that the commissioners have no jurisdiction over claims presented during the extended time, on the ground that their appointment is confined to claims presented during the first limitation of the court for the presentation of claims. But on what law or reason this claim is founded it is difficult to conceive. The appellant concedes that courts of probate have the power to extend the time for the presentation of claims in all cases, provided good cause is shown for so doing. When, therefore, commissioners are appointed such contingency is taken into consideration, and they are appointed as much to supply the need during the extended time, should the time be extended, as they are during the first limitation of the court. Suppose the time is extended before the first limitation expires ; will the appellant contend that a new appointment of the commissioners will be necessary to give them jurisdiction over claims that may be presented during the extended time ?. And does it make any difference at what time the extension is made, whether before or after the first limitation expires ? If it be said that the commissioners in this case had made their report, and that it had been accepted, before the extension was made, the answer is, that this was done under the mistaken apprehension that their duties were ended ; but when the time was afterwards extended the whole matter was opened again.

We think the commissioners were appointed to hear all claims presented by creditors during whatever period such claims might lawfully be presented.

The remaining questions made by the appellant are not included in the reasons of appeal, and we therefore do not consider them.

The conclusion therefore is, that inasmuch as the appellant knew that the appellees claimed to be creditors of this estate, and that they resided without the probate district, it was his duty so to have informed the commission-

ers that the notice provided by law might be sent to them. This was not done, and we think it furnishes sufficient cause for the extension of the time first allotted by the court in order that the appellees might have an opportunity to present and prove their claims.

We have considered and decided this case upon the facts as they appear upon the record of the court of probate. In doing so we do not wish it to be understood that we might not have considered the case upon the facts as they appear in the finding of the court below, for in all probate appeals the appellate court takes the place of the court of probate, and tries the cause *de novo* so far as the special matter appealed from is concerned, and if the appellate court shall find that good cause did in fact exist for the extension of the time of limitation by the court of probate, the court will affirm or reverse the judgment of that court, as the case may be, whether the record of the court of probate shows good cause for the extension of the time of limitation or not.

The Superior Court is advised to affirm the decree of the court of probate.

In this opinion the other judges concurred.