[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTIONS TO COMPEL
These are appeals by the former executors of the Estate of Ciro Bencivenga. The plaintiffs were removed as executors by the Milford Probate Court, which appointed an administrator cta. following a petition to the probate court brought by the defendant City of Milford. The City was served with a copy of each appeal, has appeared as a defendant in the appeals, and has filed a request for interrogatories and production by the plaintiffs. The plaintiffs have refused to answer the interrogatories and claim that motions for discovery cannot be filed in probate appeals. Milford has filed a motion to compel in each case to require the plaintiffs to respond to its interrogatories and requests for production.
The plaintiffs claim that the Superior Court when hearing a probate appeal is a court of limited jurisdiction which does not have the authority to apply the usual civil rules for discovery to this type of action, and that a discovery order exceeds the court's statutory jurisdiction. Once a claim of lack of subject matter jurisdiction is raised, the court must resolve it before proceeding further with the case. Castro v. Viera, 207 Conn. 420, 429; Valley Cable Vision Inc. v. Public Utilities Commission, 175 Conn. 30,32. Subject matter jurisdiction is the power of the court to hear and determine cases of the general class to which the proceedings in question belong; a court has subject matter jurisdiction if it has the authority to adjudicate a particular type of legal controversy. Castro v. Viera, supra, 427. The authority of the Superior Court in a probate appeal is well defined in Kerin v. Stangle, 209 Conn. 260,264, as follows:
 "An appeal from a Probate Court to the Superior Court is not an ordinary civil action. Slattery v. Woodin, 90 Conn. 48, 50-51, 96 A. 178 (1915); Silverstein's Appeal from Probate, 13 Conn. App. 45, 52-53, 534 A.2d 1223 (1987). When entertaining an appeal from an order or decree of a Probate Court, the Superior Court takes the place of and sits as the court of probate. Satti v. Rago, 186 Conn. 360, 365, 441 A.2d 615 (1982); Stevens' Appeal, 157 Conn. 576, 581, 255 A.2d 632 (1969); Dunham v. Dunham, 97 Conn. 440, 443, 117 A. 504
CT Page 2578 (1922); Slattery v. Woodin, supra, 51; Wilson v. Warner, 84 Conn. 560, 564, 80 A. 718 (1911); Hewitt's Appeal from Probate, 53 Conn. 24, 35, 1 A. 815 (19885); Davis's Appeal from Probate, 39 Conn. 395, 400 (1872). In ruling on a probate appeal, the Superior Court exercises the powers, not of a constitutional court of general or common law jurisdiction, but of a Probate Court. Slattery v. Woodin, supra; Tolles' Appeal from Commissioners, 54 Conn. 521, 524 9 A. 403 (1886); Silverstein's Appeal from Probate, supra, 53.
 The function of the Superior Court in appeals from a Probate Court is to take jurisdiction of the order or decree appealed from and to try that issue de novo. Baskin's Appeal from Probate, 194 Conn. 635, 641, 484 A.2d 934 (1984); Satti v. Rago, supra, 364-65; Stevens' Appeal, supra, 580-81; Hotchikiss' Appeal, 89 Conn. 420, 432, 95 A. 26
(1915); Silverstein's Appeal from Probate, supra, 54. Thereafter, upon `consideration of all evidence presented on the appeal which would have been admissible in the probate court, the superior court should exercise the same power of judgment which the probate court possessed and decide the appeal as an original proposition unfettered by, and ignoring, the result reached in the probate court.' Prince v. Sheffield, 158 Conn. 286, 298, 259 A.2d 621 (1969)."
The Superior Court clearly has jurisdiction over probate appeals, which would include this action, an appeal from removal of executors of an estate. Section 45a-243 C.G.S. (formerly section 45-264 C.G.S.) While the Superior Court acts as a court of limited and statutory jurisdiction in probate appeals, this does not mean that court rules which apply to other civil actions do not apply to probate appeals. The court has full jurisdiction over the same matter that was before the probate court, namely whether under the circumstances the executors of the estate should have been removed and a substitute administrator appointed. Prince v. Sheffield, 158 Conn. 286, 298; Kerin v. Stangle, supra, 264. For example, the Superior Court can exercise equitable powers in probate appeals provided they are incidental to, limited to and connected with the settlement of the particular estate. Marcus' Appeal from Probate, 199 Conn. 524,529.
The fact that the Superior Court has limited jurisdiction in a probate appeal does not preclude the right CT Page 2579 to order discovery in a proper case. Several sections of the Connecticut Practice Book provide for discovery, in the form of interrogatories, production and depositions "in any civil action, in any probate appeal, or in any administrative appeal where the court finds it reasonably probable that evidence outside the record will be required. . . ." Sections 218, 223(a), 227(a), 229, 243, and 248 Connecticut Practice Book. Trials on probate appeals in the Superior Court are trials de novo. Prince v. Sheffield, supra, 294; Silverstein's Appeal from Probate, 13 Conn. App. 45, 53, 54; Satti v. Rago, 186 Conn. 360, 365. [The limitation in the Practice Book sections that discovery is allowed only "where the court finds it reasonably probable that evidence outside the record will be required" applies only to administrative appeals, which are generally trials based on the administrative record.]
While the parameters of a probate appeal are controlled by statute, the rules of procedure for any proceedings in the Superior Court are within the jurisdiction of the Superior Court judges, who adopt the rules contained in the Connecticut Practice Book. Adams v. Rubinow, 157 Conn. 150,156, 157. The legislature has also recognized the rule-making power of the Superior Court in section 51-14 of the General Statutes, allowing the Superior Court judges to adopt, modify and repeal rules regulating pleading, practice and procedure in judicial proceedings in courts in which they have the constitutional authority to make rules. The authority to order discovery in a probate appeal is derived from the rules in the Practice Book previously referenced. Based upon them, pretrial discovery can be ordered in a probate appeal as long as it is within the parameters of the probate appeal itself. The plaintiffs' claim that the Court does not have jurisdiction to order discovery has no merit, and the cases relied upon by the plaintiffs do not apply. In Pet v. Department of Health Services, 207 Conn. 346, 356,360, it was held that there was no right of pretrial discovery in an administrative proceeding before an administrative agency. Here the case has moved beyond that stage, it is in the Superior Court, and the Practice Book clearly provides for discovery in probate appeals.
The plaintiffs did not make any specific objections to the 11 interrogatories filed by the defendant City of Milford. Some of these questions, however, are clearly beyond the limited scope of this appeal. The plaintiffs were presumably removed as executors by the Probate Court for failure to properly complete administration of the estate. Questions addressed to the plaintiffs in their individual capacity for properties personally owned by them and having CT Page 2580 no relationship to the estate itself have no relevance to this appeal. The plaintiffs only have to comply with the interrogatories to the extent that they refer to actions of the plaintiffs taken in their capacity as executors, or if they relate to property owned by the estate that was formerly administered by them. Subject to this limitation the plaintiffs are directed to comply with the interrogatories and requests for production by April 4, 1991.
Robert A. Fuller, Judge