## HELD AT HARTFORD, FOR THE COUNTIES OF HARTFORD, WINDHAM, LITCHFIELD, MIDDLESEX AND TOLLAND,

### ON THE FIRST TUESDAY OF MAY, 1885.

Present,

PARK, C. J., CARPENTER, LOOMIS, AND GRANGER, JS.*

---

## LUCY M. HEWITT'S APPEAL FROM PROBATE.

A court of probate has no power to administer equities in making its decrees, except where they are directly involved in the matter upon which it is acting.

Where a woman who had a right of dower in lands of her deceased husband, had allowed the lands to be sold at auction as free from the incumbrance of dower, and had so stated to the purchaser, who paid the full price for the lands as free from dower, it was held that, upon her application made afterwards to the probate court to set out her dower, that court had no right to consider the question whether she was estopped from claiming dower by reason of the representations.

The equity here was wholly between the widow and the purchaser, who was a stranger to the estate, and did not grow out of the relation of the widow to the estate.

A setting out of dower conveys no title. The right to dower already exists and rests upon the whole real estate. The assignment of it merely designates a particular portion to which it shall be confined.

The Superior Court in a probate case brought before it by appeal, can exercise no equity powers that the probate court could not have exercised.

[Argued May 6th—decided August 28th, 1885.]

---

* Judge BEARDSLEY of the Superior Court, sat in the place of Judge PARDEE, (absent by reason of illness,) in this and two cases following it. Judge ANDREWS of the Superior Court sat in the cases of *Pease* v. *Cole* and *Newell* v. *Smith*, and in the remaining case of *State ex rel. Coogan* v. *Barbour*, only the judges of the Supreme Court sat.

APPEAL from a decree of a probate court refusing to
assign dower to the appellant, as widow of Chauncey Welles,
deceased, in the real estate of the decedent; brought to
the Superior Court in Hartford County.

The reasons of appeal alleged that the appellant, now
wife of George W. Hewitt, who was joined in the appeal,
was the wife of the said Chauncey Welles at the time of his
death on the 2d of February, 1869; that she was living
with him at the time of his death; that no provision had
been made for her by way of jointure or of settlement in
lieu of dower before her marriage to him; that he died
intestate, and was owner at the time and possessed in his
own right of real estate in the town of Wethersfield, in this
state, where he resided, (describing it); that she had never
released or conveyed away her right of dower, and was
now fully entitled to dower; that dower had never been
assigned to her, and that the probate court for the district
of Hartford, in which said estate was in settlement, had
refused, upon her application for an assignment of dower,
to set out the same to her, and that she was aggrieved by
such denial.

The appellees, who had purchased, or acquired an interest
in, the lands of the estate as free from the incumbrance of
dower, filed the following answer:

That said Lucy M. Hewitt, and all persons claiming
from or under her, are by her acts, words and conduct
estopped in equity and also in law from claiming any dower
interest in any of the real estate of which said Chauncey
Welles died seized and possessed; and further that said
Lucy M. Hewitt has, since the death of said Chauncey
Welles, received from his estate large sums of money, to
wit, the whole of the purchase money paid by the pur-
chasers for all the real estate of which said Chauncey
Welles died seized and possessed, excepting the sum of four
thousand dollars; and that out of said purchase money
said Lucy M. Hewitt received more than the equivalent in
value of any and all dower interest in said estate, and ac-
cepted and received out of said estate the equivalent of

such dower interest in money and other valuable things in lieu of all claim for dower against said estate.

To this answer the appellant demurred, assigning as cause that neither any or all of the allegations in said answer, if they were true, would be ground for the court of probate to deny to her the assignment of dower in said estate; and that the court of probate is a court of inferior, limited, and special jurisdiction, and no jurisdiction has been conferred upon it to try and determine titles to real estate, or to deny to the appellant her dower in said real estate for any cause alleged in said answer or claimed therein.

The court (*Carpenter, J.,*) overruled the demurrer, and ordered the appellant to make further reply to the answer.

The appellant then filed a denial. The appellees filed a cross-complaint, praying for equitable relief, by a decree that the appellant and her husband execute quit claim deeds of the lands to the several appellees, and enjoining them from claiming dower for Mrs. Hewitt. The matters set up in this cross-complaint were the same that are stated hereinafter as the matters which the appellees offered to prove on the trial. This cross-complaint the appellant moved the court to strike out.

On the trial to the court the appellees offered evidence to prove that Samuel Woodhouse, guardian of the heirs of Chauncey Welles, obtained an order for the sale of the lands in which dower was claimed by the appellant as his widow; that the widow was present in court and concurred in the application for the order, and it (the application) was made at her request; that the court refused to grant the order unless the widow would relinquish her claim for dower; that the widow agreed so to do, and the order was thereupon granted; that the premises were sold to the appellees, the widow receiving a portion of the purchase money in payment of her right of dower; that the widow was present at the sale, and authorized and directed Woodhouse in her behalf to state, and he did so state, at the sale, that the purchasers would receive a title free from all

claims, and that the land was sold free from her claim of dower, and that she would make no claim for it against purchasers or the land so purchased; and that relying on such representations, the appellees purchased and paid full value for the premises and a much larger price for the same than they otherwise would have paid.

To this evidence the appellants objected, and the court reserved the question whether the cross-complaint should be stricken out or the court should entertain it, and whether the evidence offered by the appellees was admissible or otherwise, also the sufficiency of the appellees' answer to the appellant's reasons of appeal, what decree should be passed, and all questions of law arising on the record, for the advice of this court.

*H. S. Barbour* and *L. E. Stanton*, for the appellant.

1. The appellant's right of dower was complete in her under the statute, and it was the duty of the probate court upon her application to cause it to be set out to her. This right exists as completely before the assignment is made as after. Immediately upon the death of the husband it is established in his widow, and she becomes a tenant in common with the heirs in her own right. This right "does not depend upon the assignment of dower, which is a mere severance of the common estate." *Stedman* v. *Fortune*, 5 Conn., 462; *Wooster* v. *Hunts Lyman Iron Co.*, 38 id., 256; *Greathead's Appeal from Probate*, 42 id., 374. The assignment of dower is a process of distribution of real estate. If the widow had a right of dower upon the decease of her husband, proceedings of distribution are to be had without reference to what may have occurred since. Even if she had deeded away her right, the distribution would be made in the same way as if she had not. *Griswold* v. *Bigelow*, 6 Conn., 266; *Holcomb* v. *Sherwood*, 29 id., 418; *Way* v. *Way*, 42 id., 52; *Greathead's Appeal from Probate*, *supra*.

2. This case comes to the Superior Court sitting for the trial of it as a court of probate; "for in all probate appeals

the appellate court takes the place of the court of probate." *Davis's Appeal from Probate*, 39 Conn., 395, 401. See also *Strong* v. *Strong*, 8 Conn., 408.

3. Courts of probate are of limited, inferior and special jurisdiction, and have no powers but such as are conferred by statute. *Sears* v. *Terry*, 26 Conn., 273; *Parsons* v. *Lyman*, 32 id., 570; *First Nat. Bank* v. *Balcom*, 35 id., 357, 359. They cannot try titles to property, no such power being conferred upon them by statute. *Gold's Case*, Kirby, 100; *Parsons* v. *Lyman, supra; Homer's Appeal from Probate*, 35 Conn., 113. If then courts of probate cannot try titles to property, it follows that they cannot determine questions of estoppel; neither can the Superior Court do so while acting as a probate court, for in so doing it might affirm a decree of the probate court which that court had no power to make, and which it should not have made. *Treat's Appeal from Probate*, 35 Conn., 210; *Vail's Appeal from Probate*, 37 id., 195.

*H. C. Robinson* and *W. F. Henney*, for the appellees.

The evidence offered by the appellees is clearly admissible, because—1st. The facts therein stated would, if proved, constitute an estoppel in equity against the appellant's claim of dower. This position will not be disputed by the counsel for the appellant, and it can not be necessary to cite authorities in support of it.—2d. The court of probate may take cognizance of such an estoppel and enforce it, when proven, in bar of a motion for assignment of dower. *Holcomb* v. *Sherwood*, 29 Conn., 420. In support of this proposition, we urge the following considerations:— The statute (Gen. Statutes, p. 377, sec. 2,) provides " that the widow may apply to the court of probate before which his (her husband's) estate is in settlement, to have dower assigned to her; and it shall appoint three disinterested persons who, being duly sworn, shall set out such dower; and the doings of such persons being returned to and accepted by said court shall ascertain and establish such dower." Section 1 thus designates the persons entitled to

dower:—"Every woman, living with her husband at the time of his death, etc., shall have right of dower." Section 4 prescribes the time within which the widow must give notice to the court of probate whether she accepts the provision made for her by the testator in lieu of dower, and adds:—"If she fail to give such notice she shall be barred of her dower." Section 5 provides that "any settlement of property in favor of a woman to take effect after the death of her intended husband, expressed to be in lieu of dower, shall be a bar to dower in his estate," unless the title shall fail in whole or in part, when she is to have dower sufficient to make up the deficiency. The court of probate must, therefore, ascertain before proceeding to assign dower:— (1) Whether the claimant is in fact the widow of the deceased. (2) Whether dower has been assigned to her. (3) Whether there is any provision in lieu of dower, and whether her claim is barred by her failure to give the notice prescribed by law of her refusal so to accept such provision. (4) Whether there has been any settlement of property in her favor which would be a bar to dower in her husband's estate, and whether the title to such property has failed in whole or in part. Clearly on finding any of these statutory objections to exist, the court of probate could refuse to assign dower, and it would be its duty so to do. It has power therefore to determine, and is charged with the duty of ascertaining, whether the individual applying to have dower assigned to her is entitled to dower out of the estate in settlement before the court. This power is not exhausted, nor is this duty discharged, until the court has satisfied itself that there is no objection, equitable or legal, to the assignment of dower. For, having once acquired jurisdiction to determine the right of the party to such an assignment, it becomes, as to that matter, vested with the amplest chancery powers to do full justice between all the parties before it.

This conclusion is abundantly sustained by numerous well-considered decisions of this learned court. In *Bailey* v. *Strong*, 8 Conn., 281, the court say: "The settlement,

and the entire settlement, of estates appertains to the several courts of probate ; and from their decision an appeal lies to the Superior Court. These courts are vested with chancery powers on all subjects within their jurisdiction, and can so mould and form their decrees as to do entire justice between all parties in interest." And so in *Mix's Appeal from Probate*, 35 Conn., 123 :—" Courts of probate, as to all matters within their jurisdiction, are clothed with chancery powers so far as may be necessary to enable them to do full justice between the parties." In *Beach* v. *Norton*, 9 Conn., 198 :—"These courts have all the powers of a court of chancery, and in some respects much greater, in relation to the trial of questions within their jurisdiction." In *Ashmead's Appeal from Probate*, 27 Conn., 248 :—" A court of probate possesses higher powers than a court of equity in the settlement of estates, for it is clothed with both legal and equitable authority for that purpose, and the current of our decisions has for many years tended strongly against allowing courts of equity to interfere in the settlement of estates. It is the often-expressed determination of our wisest and most experienced judges that the settlement of estates, whether in the hands of guardians, executors and administrators, trustees, assignees, or others who receive their appointment from the court, should be confined to that court. Such business can be there done more conveniently, expeditiously, and with less expense than in any other court, and at the same time with equal safety to all parties, since an appeal lies from that court to the Superior Court." And again at page 250 of the same opinion :—" All of us are satisfied that there is a clear and undoubted equity in favor of the appellees, and that the court of probate is competent, and the appropriate court, to administer that equity." In *American Bible Society* v. *Wetmore*, 17 Conn., 187 :—" Our courts of probate, and Superior Courts acting on appeals from probate, recognize the principles of equity jurisprudence so far as they are *necessary to protect and secure the rights of persons interested, and prevent the necessity of a direct resort to a court*

*of chancery.* The principles, therefore, which ought to govern a court of equity should have been the rule of the court of probate when acting on *this distribution.*" In *Vail's Appeal from Probate,* 37 Conn., 195:—" The judge of the court of probate is not a chancellor. He possesses chancery powers, but they are only such as are incidental, connected with the settlement of a particular estate, and necessary for the adjustment of equitable rights." *Lawrence's Appeal from Probate,* 49 Conn., 419, would seem to be a case which completely controls the present inquiry. The refusal of the court to assign dower to the widow in that case is evidently quite as broad an exercise of judicial and chancery power as the act of the court of probate in the present suit. So also *Evans's Appeal from Probate,* 51 Conn., 438, would seem to be decisive of this very question. See also *Husted's Appeal from Probate,* 34 Conn., 495; *Way* v. *Way,* 42 id., 52; *Greathead's Appeal from Probate,* id., 376.

The very point under discussion has been decided by Chancellor RIDGELEY under a statute similar to our own, in *Farrow* v. *Farrow,* 1 Del. Ch., 457. The syllabus of the case has the following significant clause, the first part of which, it will be observed, is the identical expression made use of by this court in speaking of our courts of probate:— " *The Orphans' Court is a court of equity as to all matters within its jurisdiction,* and it may take cognizance of any bar to dower, equitable or legal." In delivering his opinion the chancellor says (page 460):—" As to the jurisdiction of the court there can be no question. The act respecting devises of land, joint estate and dower has enacted that 'in all cases where a widow may be entitled to dower the same may be assigned to her by the Orphans' Court of the county where the land lies, upon her petition to said court, by the like proceedings and in the same manner as is by law provided in the case of intestate estates.' There could be nothing clearer than the meaning of the legislature as expressed in this act. Authority is given in all cases where a widow is entitled, to assign her dower.'

And again in the same opinion, at page 462 :—" The question is whether the plea ·of an equitable bar should be received by this court, supposing it to be available in equity." On this question the chancellor says (page 462) : " This court, then, is a court of equity as to all matters within its jurisdiction, and whatever is a bar in law or equity may be pleaded. The act declares that in all cases where the widow may be entitled to dower, the same may be assigned by this court. If she is not entitled, or if there is any equitable bar, the court cannot assign it. The act seems to mean that the whole inquiry should be made by this court to ascertain that she has title before the dower can be assigned."

There is also the further argument, and it appears to us a strong one, that reasoning from analogy the court of probate having power to *assign* dower, would also have power to refuse to do so ; for in *Peck* v. *Sturges*, 11 Conn., 422, it is held that from authority to reject given by statute it follows inevitably that the right to .accept is also given the probate court.

The Superior Court, on an appeal, can now find and enforce such an equitable estoppel, even if the court of probate cannot. The following considerations would seem to fully sustain this proposition. The Practice Act, § 6, provides that ·" all courts which are vested with jurisdiction both at law and in equity, may hereafter, to the full extent of their respective jurisdictions, administer legal and equitable rights, and apply legal and equitable remedies, in favor of either party, in one and the same suit, so that legal and equitable rights of the parties may be enforced and protected in one action." An appeal from probate is an action. *Stiles's Appeal from Probate*, 41 Conn., 330. Hence, whatever may have been the jurisdiction of the Superior Court in appeals from probate before the passage of the Practice Act, that act has enabled such court to entertain and adjust equitable claims growing out of the subject matter of the appeal. And this, not as enlarging necessarily the Superior Court's jurisdiction, but as altering

the manner and method of its exercise. It is simply rendering courts of justice more easy of access by broadening the avenues through which they may be approached. They are the same institutions as before, with the same jurisdiction, but exercising that jurisdiction at the instance of processes formerly unrecognized. An appeal is taken from a justice of the peace. Formerly only matter of legal defense could be pleaded. If there were any equitable defenses a separate action must be brought addressing the equity side of the court, and the two suits were kept separate and distinct. Now, in the appellate court, equitable defenses may be pleaded and the court may take cognizance of them in the same action. Here is no change of jurisdiction. The Superior Court always had an equitable jurisdiction, but could not, until the passage of the act, exercise it on an appeal from a justice court. Now it can exercise this jurisdiction on such appeal. This much in answer to the suggestion that it was not the design of the Practice Act to enlarge the jurisdiction of the Superior Court. The design of that act manifestly was to consolidate actions, so that the Superior Court, sitting in whatever capacity, could administer both legal and equitable relief so soon as it should get its legal grip upon the subject matter of the action brought before it, whether by appeal or otherwise.

PARK, C. J. Lucy M. Hewitt was the wife of one Welles, and was living with him as such at the time of his death. He died seised and possessed of real estate in his own right. No provision, by way of jointure, for the support of his wife had been made by him before their marriage, nor any settlement in lieu of dower had been made in contemplation of marriage. These facts are undisputed in the case.

In these circumstances the appellant brought her application to the probate court for the district of Hartford to have dower assigned and set out to her in the real estate of her late husband. The probate court refused the application, and an appeal was taken to the Superior Court.

In that court the appellees filed a cross-complaint by way of counter-claim and equitable relief, setting forth such facts as would, in a court of chancery, having independent equity powers, estop Mrs. Hewitt from claiming dower in her late husband's estate. And they likewise offered to prove the same facts for the same purpose on the trial of the case. The appellant moved the court to strike the cross-complaint from the record ; and further objected to the appellees proving the facts claimed for the purposes stated. The court reserved the questions for the advice of this court.

The principal facts stated in the appellees' cross-complaint, and which they offered to prove, are the following : That an application was made to the probate court ·for an order for the sale of the lands in which the appellant claims the right of dower, and made at the request of Mrs. Hewitt, the appellant ; that the court refused to grant the order unless she would relinquish her claim for dower ; that she agreed so to do, and the order was thereupon granted ; that the lands were sold to the appellees, Mrs. Hewitt receiving a portion of the purchase money in payment for her right of dower ; that she was present at the sale, and authorized and directed the auctioneer to state before the sale in her behalf that the purchasers would receive a title free from all claim of dower on her part ; that the same statement was made to the appellees before the sale ; and that relying on these representations the appellees purchased the lands, paying full value for them, and paying a much larger price than they otherwise would have done.

These are the principal facts of the case, and the question is, whether a court of probate, in the settlement of an estate, is vested with such equity powers that it can apply an estoppel in a controversy between the widow, on the one part, regarding her right of dower in her deceased husband's estate, and strangers to the estate on the other, having no interest whatever in it except as purchasers of land belonging to it.

It is certainly true in this case, that, if the Superior Court can entertain the cross-complaint filed in that court, and grant the prayer thereof, the same could have been done by the probate court, when the cause was before that court, if a similar cross-complaint had there been filed; for the Superior Court takes the case as it stood before the probate court, and simply determines whether or not that court erred in its decision. The cases of *Davis's Appeal from Probate*, 39 Conn., 395, and *Strong* v. *Strong*, 8 Conn., 408, and many other cases that might be cited, fully establish the doctrine that the Superior Court sitting for the trial of a case like this, takes the place of the probate court from which it came, and can do no more than could have been done by that court.

But it is claimed that the Practice Act authorizes the Superior Court to entertain jurisdiction of the cross-complaint in this case. But the section of that act relied upon simply allows courts, that have law and equity powers to administer both in the same case. This court in *Harrall* v. *Leverty*, 50 Conn., 46, says that "it was not the intention of the Practice Act to give any wider range to equitable defences and cross-suits than was before allowed by the settled chancery practice."

The other sections of the Practice Act referred to clearly do not apply to appeals from probate courts.

It is further said by the appellees, that courts of probate have equity powers to be administered in all cases where equitable considerations affect the matter with which they are dealing; that if application is made for the assignment of dower, the court must be first satisfied that the applicant possesses the statutory requisites without which no right of dower exists; and that this power of inquiry is not exhausted, nor is this duty discharged, until the court has satisfied itself that there is no objection, equitable or legal, to the assignment of dower; for having once acquired jurisdiction to determine the right of the party to such assignment, it becomes, as to that matter, vested with the

·amplest chancery powers to do full justice between all the parties before it.

No doubt courts of probate should be reasonably satisfied that an applicant for the assignment of dower possesses the statutory requisites before it becomes its duty to make the assignment. But the assignment of dower does not establish the title in the applicant to dower in the lands assigned, any more than the setting off of lands on an execution establishes the title to the lands in the execution creditor. All that is done in either case is, simply to designate the lands in which dower exists in one case, if it exists at all, and to satisfy the debt in the other if title by the levy is acquired, which depends upon the execution debtor being the owner of the lands set off. If the title in either case is disputed, further proceedings before another court would be necessary to determine it.

No question is made in this case but that Mrs. Hewitt was once entitled to dower in the lands of her late husband. Suppose, while she was thus entitled, dower had been assigned and set out to her, and afterwards the transactions claimed to have occurred in this case had taken place. Could any proceeding be brought by the appellees to the probate court to set aside or destroy her right of dower? And if not, how can it be done here? A widow's right to dower exists and is as perfect before dower is assigned to her as afterwards, the only difference being, that before the assignment it is attached to all the land, and afterwards to a particular portion of it. The effort here is to set aside by the probate court Mrs. Hewitt's right to dower which once existed, which would be doing the same thing in effect as in the case supposed.

Again, suppose, instead of the transactions which are claimed to have occurred in this case, the claim was that Mrs. Hewitt had deeded her right of dower to the appellees, and that therefore dower should not be assigned to her. Suppose she should claim in that case that what purported to be a deed was obtained from her by fraud, or duress, or was executed by mistake, in the belief that she was exe-

cuting one instrument when, in fact, she was executing another. Must a probate court determine all these questions before the lands can be designated in which she has dower, if she has it at all? If this is so the court of probate would be assuming the right to determine her title to dower. But *Gold's Case*, Kirby, 100, and *Homer's Appeal from Probate*, 35 Conn., 113, hold that that court can not. settle matters of title.

But the appellees insist that the probate court can try and determine the equitable title of Mrs. Hewitt to dower, as it exists between her and third parties, and should do so before the court assigns her dower, on the ground that such courts administer equity in some cases, and that this is one of the cases where it has this power. But the equity which a court of probate can administer must grow out of, and be inseparably connected with, the matter the court is acting upon. The court was called upon to assign and set out dower to Mrs. Hewitt. It is admitted she had the statutory requisites. Setting out dower does not affect in the least her title to dower in the lands designated. If she has done things which in equity estop her from claiming dower, the equity does not grow out of, nor is it connected with, the matter that the court has in hand, the mere designating of the lands in which she is to hold her dower. It grew out of a purchase of the dower lands after her dower had attached. The case of *Selleck* v. *Selleck*, which appears in a note to *Andrews* v. *Andrews*, 8 Conn., 86, is decisive of this question.

Again, courts of probate in the settlement of estates order a distribution of them. They distribute them among the persons originally interested in them. If an heir sells his interest in the estate before distribution, distribution is made to him in the same way as if no sale had been made. If a widow sells her right of dower before it is assigned to her, it is set out to her notwithstanding. Setting out dower is an act pertaining to the distribution of the estate. The appellees are outside parties. They have no interest in the estate except as purchasers. They bring this controversy

before the court and object to the setting out of dower to the widow‧ on the ground solely of equity pertaining to them in their purchase. Such equity does not grow out of the distribution of the estate, neither does it arise between the persons originally entitled to it, but grows out of a purchase by strangers to the estate. Such an equity cannot be administered by the probate court.

We advise the Superior Court to dismiss the cross-complaint; that the evidence offered by the appellees is inadmissible; that the answer is insufficient; and to reverse the decree of the court of probate.

In this opinion the other judges concurred; except GRANGER, J., who dissented.