### BENJAMIN E. MALLORY'S APPEAL FROM PROBATE.

New London Co., May T., 1892. ANDREWS, C. J., CARPENTER, SEYMOUR, TORRANCE and FENN, Js.

Where in settling his administration account in a court of probate an executor accounts for certain claims of the estate by stating that they are uncollectible, the approval of the account by the court is merely a justification of the executor for his failure to realize the amount for the benefit of the estate.

If they afterwards become collectible there is no reason why they should not then be administered upon, the court appointing an administrator *de bonis non* if necessary.

Any residuary legatee has sufficient interest to ask the appointment of an administrator of unadministered assets, unaffected by the question whether the estate would be rendered solvent by the assets being realized upon.

Probate courts have no power to act upon an agreement between certain debtors of the estate and the executor, that the claims against them should not be subject to collection for distribution, but only to the extent that they might be required for the payment of debts. They cannot try titles to property nor determine questions of estoppel.

The Superior Court, sitting for the trial of an appeal from probate, takes the place of the probate court, and can do no more than could have been done by that court.

[Argued June 1st—decided September 12th, 1892.]

APPEAL from a probate decree refusing the application of the appellant for the appointment of an administrator *de*

*bonis non* on the estate of Charles Mallory, deceased; taken to the Superior Court in New London County and heard before *Thayer, J.* Facts found and judgment rendered reversing the probate decree and appeal by the original appellee.

*J. Halsey* and *S. Lucas*, with whom was *W. A. Briscoe*, for the appellant (original appellee.)

*H. A. Hull* and *Tracy Waller*, for the appellee (original appellant.)

FENN, J. Charles Mallory, late of Stonington, died in 1883, leaving a will, whereby he appointed his four sons, Charles H. Mallory, David D. Mallory, George W. Mallory, and the original appellant, who is the present appellee, Benjamin E. Mallory, executors. By an agreement with the sons, Charles H. Mallory alone qualified. He entered upon his duties, and in January, 1889, filed his final account, which showed the estate insolvent, and a balance of $82,918.42 due the executor therefrom, for moneys paid in settlement of claims in excess of assets. This account, after due notice and hearing, was approved, and from the decree approving the same Benjamin E. Mallory appealed, and during the pendency of the appeal, on March 21st, 1890, Charles H. Mallory died. The present appellant, Henry R. Mallory, is his executor. He has never been cited as a respondent on the appeal, nor has the same been revived since the death of Charles H. Mallory.

The application of Benjamin E. Mallory, made on April 7th, 1890, for the appointment of an administrator *de bonis non*, with the will annexed, of the estate of Charles Mallory, was denied by the court of probate on May 14th, 1890, and Benjamin E. Mallory appealed to the Superior Court, which court found that David D. Mallory, Benjamin E. Mallory and George W. Mallory were indebted to the estate as follows:—said David D. Mallory in the sum of $52,659.64, with interest; said Benjamin E. Mallory in the sum of

$48,104.84, with interest; and said George W. Mallory in the sum of $27,410.51, with interest; and that these debts were duly inventoried as a part of the estate. In the administration account, upon a list of the choses in action filed therewith, there was marked opposite these items—"Refuses to pay because of inability." It was found that the claim against David D. Mallory was a valuable asset of the estate, and that the same was never converted or administered upon by the executor. It was claimed by the appellant, Benjamin E. Mallory, that Charles H. Mallory was also indebted to the estate to a very large amount—more than sufficient to render the estate solvent, which was never inventoried nor in any way accounted for; and it was admitted that the estate of Charles H. Mallory was abundantly able to respond for any amount due from it. It was also claimed that there was other personal estate not lawfully accounted for and not administered upon. Upon the validity of these claims the court did not pass. To the evidence offered by the appellant, tending to prove that there was estate of Charles Mallory not administered by the executor, objection was made, on the ground that it contradicted the record of the court of probate showing the settlement of the account. The court overruled the objection, and also the various claims of law made by the appellee in that court, and rendered judgment reversing the decree of the court of probate. From this judgment the original appellee, Henry R. Mallory, appealed to this court.

The six reasons of appeal are in effect and may be treated as two. First; it is asserted that the court erred in not holding the decree of the court of probate approving and allowing the administration account conclusive, the record thereof a bar, and evidence as to assets unadministered, inadmissible as contradicting such record.

That the decree of a court of probate having jurisdiction, while unreversed, is final and conclusive as to all relevant matters embraced therein, is unquestionable. Indeed, that "no order made by a court of probate upon any matter within its jurisdiction shall be attacked collaterally except

"for fraud, or set aside save by appeal," is now the direct mandate of the statute, (Gen. Statutes, § 436,) which was made in affirmance of the existing common law. If therefore the present proceeding is, as asserted, merely an attempt to collaterally attack such a decree, it must fail ; for we agree with the present appellant, that " an administrator cannot now be appointed for the sole purpose of litigating matters already determined and concluded by a decree which is unrevoked." Nor do we see why the question of the indebtedness of the executor, Charles H. Mallory, to the estate, which, judging from the briefs of counsel, as well as the arguments made orally in their support, may be perhaps the principal reason why the appointment prayed for was desired, is not, certainly in the absence of fraud alleged and proved, so determined and concluded by the decree which allows the account stated, and thereby establishes that the estate is indebted to the executor, which could not be if on the other hand the executor was debtor to the estate.

But we cannot agree with the present appellant that any such determination and conclusion has been made by that court in reference to the claims against David D. Mallory and others—debts duly inventoried as part of the estate, and shown to have never been collected, and which are accounted for only by an entry upon a list of choses in action filed with the administration account, " Refuses to pay because of inability." It is claimed that such entry, approved by the court, constitutes a credit to the executor. But if the statement had been direct and explicit, that the accounts were uncollectible, the action of the court would have been merely a justification to the executor for his failure to realize the amount for the benefit of the estate. It would be operative and conclusive to this extent, but no further. It did not transfer title from the estate to the executor. There could be neither consideration nor reason for such transfer. Nor did it discharge the debtors from liability any more than it would if Charles Mallory, during his life, had placed these items upon his books to the account of profit and loss,

as uncollectible. If, as the court has found, one of these accounts has now become a valuable asset, there is no reason why the undoubted power and duty of the court of probate to appoint an administrator *de bonis non* upon unadministered estate should not apply and be exercised. And surely the executor of Charles H. Mallory cannot, as such, be interested in opposing the collection of accounts due the estate, of which the estate which he represents appears to be so large a creditor.

But it is further said that the collection of the claim against David D. Mallory, the only one concerning which any finding as to value is made, would not render the estate solvent, and that so the original appellant, himself indebted in a large sum, has failed to show that there is any unadministered estate in which he could be entitled to any residuary share, and therefore has failed to show that he is pecuniarily interested in the subject matter, or that he is aggrieved by the decree appealed from.

As this point was not made in the court below or presented by the reasons of appeal, we have no occasion to consider it, but will nevertheless say that the court, in this proceeding, cannot be properly called upon to pass on those matters, the appropriate place for which is in the settlement of a final administration account and in hearings relative to the orders depending thereon. As it is within ten years from the decease of Charles Mallory, the exceptional provisions of Gen. Statutes, § 568, and also the views expressed by this court in reference to that statute in *Gay's Appeal from Probate*, 61 Conn., 449, are not applicable, and we hold that any residuary legatee has sufficient interest to ask the appointment of an administrator of unadministered assets; unaffected by any considerations as to the future status of the estate, if such assets are or are not realized upon.

The remaining reasons of appeal relate to the effect of the writing signed by the sons of Charles Mallory, pursuant to which Charles H. Mallory alone acted as executor. It was claimed that this agreement was that, for the credit of the deceased, and as far as possible to relieve the brothers of

indebtedness to the estate which they were unable to pay, Charles H. Mallory should undertake the settlement of the estate and should advance funds sufficient to pay all liabilities of the testator in full; and it is further claimed that under the terms of this agreement the debts owed by the brothers to the estate, were, as between themselves and the executor, not subject to collection for distribution, but only to the extent that they might be required for payment of debts to general creditors. While we do not desire to be understood as assenting to this construction of the agreement, a copy of which was made an exhibit, it is sufficient at present to say that courts of probate have no power to consider and act upon such matters. They can neither try titles to property nor determine questions of estoppel, and "the Superior Court, sitting for the trial of a case like this, takes the place of the probate court from which it came, and can do no more than could have been done by that court." *Hewitt's Appeal from Probate*, 53 Conn., 24. See also *Gold's Case*, Kirby, 100; *Parsons* v. *Lyman*, 32 Conn., 570; *Homer's Appeal from Probate*, 35 id., 113; *First National Bank* v. *Balcom*, id., 357, 359.

There is no error in the judgment appealed from.

In this opinion the other judges concurred.