Clarke's Appeal from Probate.

HENRY P. CLARKE'S APPEAL FROM PROBATE.

Third Judicial District, Bridgeport, April Term, 1898. ANDREWS, C. J.,
TORRANCE, BALDWIN, HAMERSLEY and HALL, Js.

A writ of error from the Supreme Court of the United States may be
addressed directly to the Superior Court, where the judgment
sought to be reviewed was rendered by that court pursuant to the
direction of this court given upon a reservation; and this is now the
correct method of procedure in such cases.

[Submitted April 19th—decided April 20th, 1898.]

APPEAL from a judgment of the Superior Court in Fair-
field County, affirming, pursuant to the advice of this court,
an order and decree of the Court of Probate for the District
of Bridgeport. *No error.*

*Goodwin Stoddard*, for the appellant.

*John H. Perry*, for the appellee.

PER CURIAM. It is stated by the counsel for the appel-
lant that this appeal has been taken in order to lay a founda-
tion for a writ of error from the Supreme Court of the United
States.

It was unnecessary for that purpose. Such writs of error
run to the highest court of the State in which a decision in
the suit could be had. U. S. Rev. Stat. § 709. In the pres-
ent case the Superior Court may properly be regarded as
occupying that position. On the reservation upon which it
previously came here (*Clarke's Appeal from Probate*, 70
Conn. 195), the Superior Court was advised to render the
precise judgment which is the subject of this appeal. This
advice was mandatory. No other decision could have been
pronounced by the Superior Court than that which was pro-
nounced. It was the last word of the judicial authority of
this State. No right remained to review here a judgment
which this court had on full consideration advised the Su-
perior Court to render. It was therefore reviewable on a

writ of error issuing directly to that court from the Supreme Court of the United States. *Gregory* v. *McVeigh*, 23 Wall. 294; *Foote* v. *Women's Board of Missions*, 162 U. S. 439.

It is true, however, that under circumstances quite similar, such writs have been addressed to the highest court in the State, and that this court has recognized the validity of that method of procedure. *Atherton* v. *Fowler*, 91 U. S. 143; *New Haven & Northampton Co.* v. *State*, 44 Conn. 376, 392. The latter decision was given at a time when the practice in this respect, upon writs of error from the Supreme Court of the United States to State courts, could not be considered as fully settled. We shall on this occasion follow the precedent thus established, but have thought it proper to explain our views at length as to the correct practice, so that appeals of this character may not hereafter be unnecessarily brought.

There is no error.