SAMUEL WILSON *vs.* WILFRED V. WARNER, ADMINISTRA-
TOR (SAMUEL WILSON'S APPEAL FROM PROBATE).

Third Judicial District, New Haven, June Term, 1911.
HALL, C. J., PRENTICE, THAYER, RORABACK and WHEELER, Js.

An express trust relating to real estate cannot be proved by oral evidence.

An implied or resulting trust respecting real estate is one which rests upon the presumed intention of the parties as evidenced by all the circumstances attending the conveyance, one of which may be an express oral agreement identical with that which the law implies. But in all cases in which it is sought to show that a title apparently absolute is in reality one in trust, the facts from which the trust may be implied should be clearly and satisfactorily established; and this is especially true if the action is not brought until after the death of the ostensible owner whose apparently absolute title has long remained unquestioned.

The Superior Court, as an appellate court of probate, has no greater powers than the Court of Probate itself.

General Statutes, § 370, as amended by chapter 16 of the Public Acts of 1907, provides that the Court of Probate having jurisdiction of the settlement of the estate of a deceased person may, concurrently with courts of equity, authorize the executor or administrator to convey the title of the decedent in any real estate held or taken by him in any fiduciary capacity, to his successor or to the person entitled thereto. *Held* that this provision was not intended to empower the Court of Probate, or the Superior Court on appeal, to hear and determine disputed questions of title to real estate—a power which the Court of Probate has never possessed in this State,—but merely to enable such court to consider the question of the decedent's title incidentally and indirectly for the purpose of determining whether he had such an apparent trust title as would justify the court in making an order; and therefore

an adjudication by the Superior Court, on appeal, of a disputed question of title, was beyond its power and for that reason erroneous.

Argued June 8th—decided July 31st, 1911.

APPEAL from the refusal of the Court of Probate for the district of Waterbury to pass an order, applied for by the plaintiff, requiring the defendant to transfer and convey certain real estate, standing of record in the name of the defendant's intestate, to the plaintiff, taken to and tried by the Superior Court in New Haven County, *Reed, J.;* facts found and judgment rendered for the plaintiff, and appeal by the defendant. *Error and cause remanded for the entry of a judgment affirming the order and decree of the Court of Probate.*

*Ulysses G. Church,* for the appellant (defendant).

*Terrence F. Carmody,* for the appellee (plaintiff).

HALL, C. J. On the 11th of January, 1910, the plaintiff, Samuel Wilson, filed in the Court of Probate at Waterbury, under § 370 of the General Statutes, as amended by chapter 16 of the Public Acts of 1907, p. 596, an application and complaint alleging that certain land, the legal and record title to which was in his deceased wife, Ada Wilson, at the time of her death, belonged to him, and asking the court to direct her administrator, Wilfred V. Warner, the defendant, to convey said land to the plaintiff.

Due notice was given to said administrator and to the guardian *ad litem* of the eleven children of Samuel and Ada Wilson, and on the 24th of January, 1910, the Court of Probate denied said application *pro forma,* and the plaintiff appealed from said denial to the Superior Court, which court granted the application.

In his reasons of appeal filed in the Superior Court,

the plaintiff alleges, in substance, that he purchased the land in question with his own money; that at the time of such purchase it was agreed by himself and his wife that, owing to his ill health and the probability that she would survive him, the title to said land should be taken in her name, but to be transferred to him by her, or by her legal representative, upon his request; and upon his death, before her decease, to become hers absolutely.

The answer to the reasons of appeal denied these averments.

The judgment-file states that, having heard the parties upon these issues, the allegations of the reasons of appeal are found true; that the deceased, Ada Wilson, contributed nothing toward the purchase price of the property in question; that a resulting trust was created by said conveyance and agreement; that Ada Wilson never held the land adversely; that she had no other legal or equitable title than trustee of such resulting trust; and that the court orders the administrator "to convey to the appellant *the above described real property* by legal and proper conveyance. . . ."

The finding of facts states that, prior to the purchase of said property, there was no written agreement between the plaintiff and his wife regarding the conveyance of said property to her, and that she afterward gave him none; that the plaintiff and his wife, Ada, and their children, lived upon said farm property until her death in 1906; that he took no steps to have administration granted on his wife's estate, or to have the title to said land conveyed to him until nearly three years after his wife's death; that he remarried in 1909, and has since lived upon the property with his second wife and the children of his first marriage; that in 1909, having refused to apply for administration upon Ada Wilson's estate, his son applied to have the estate duly

administered; and that the property in question is of the value of about $3,000.

The Act under which the application and order was made provides that "the Court of Probate having jurisdiction of the settlement of the estate of any deceased person may, concurrently with courts of equity, authorize the executor or administrator to convey the title of the deceased in any real estate to any person entitled to it by virtue of any contract of such deceased person, or to convey the title of the deceased in any real estate held or taken by him in any fiduciary capacity to his successor or to the person or persons entitled thereto. . . ." Public Acts of 1907, Chap. 16, p. 596.

It is contended generally by the defendant that it was not the purpose of this statute to empower courts of probate,—in directing executors and administrators, in the settlement of an estate, to convey the title of the deceased in real estate held by him in a fiduciary capacity to the person entitled thereto,—to try and determine disputed questions of title to land, or to direct such conveyance of an alleged trust title upon such facts and circumstances as appear in this case.

The title ordered to be conveyed was not a title under an express trust. Such a trust could not have been proved by the parol evidence offered. *Brown* v. *Brown*, 66 Conn. 493, 499, 34 Atl. 490; *Todd* v. *Munson*, 53 Conn. 579, 589, 4 Atl. 99.

It is evident that it was not the purpose of this application to procure a mere formal transfer of such trust title as the deceased may have had in the real estate in question. Manifestly the real object of this proceeding was to obtain a judicial determination of the disputed question of whether the described real estate, the apparent absolute title to which, both by deed and record, for twenty years had been in the plaintiff's wife, or her estate. was really owned by her, or merely

held by her under an implied resulting trust, while the real owner was the plaintiff. Such a determination of this question by the Court of Probate necessarily involved the trial and determination by that court of the various subordinate issues raised and decided in the Superior Court upon the appeal, such as: By whom was the purchase price of the property paid? Did the transaction and alleged agreement by which the property was conveyed to Mrs. Wilson constitute a gift to her by the plaintiff? Did Mrs. Wilson, during the seventeen years following the conveyance to her, occupy the property under a claim of ownership? Was the plaintiff guilty of laches in not having endeavored earlier to enforce his claimed equitable title?—and other contested questions heard and decided by the Superior Court.

If these questions were properly tried and decided by the Superior Court upon the appeal, they could properly have been tried and decided by the Court of Probate upon the original application to that court. If they could not properly have been tried in the Court of Probate, they were not properly tried and decided in the Superior Court upon the appeal. In hearing the appeal, the Superior Court sat as a Court of Probate, and as such had no greater powers than the Court of Probate. *Hewitt's Appeal,* 53 Conn. 24, 1 Atl. 815; *Cone's Appeal,* 68 Conn. 84, 35 Atl. 781; *Mallory's Appeal,* 62 Conn. 218, 223, 25 Atl. 109.

An implied or resulting trust may be proved by parol evidence. It rests upon a presumed intention of the parties, shown by all the circumstances of the conveyance, one of which may be an express parol agreement of the parties, identical with that implied by the law. *Barrows* v. *Bohan,* 41 Conn. 278, 283; *Corr's Appeal,* 62 Conn. 403, 406, 26 Atl. 478. But in all cases when the claimed trust title to land is disputed, the facts from

which such trust may be implied should be clearly and satisfactorily established. This is especially true in actions brought after the death of the alleged trustee to set aside apparently absolute titles which have for a long period remained unquestioned.

Whether in a different proceeding brought to a proper court the facts found in this case would justify a judgment that this plaintiff is now the equitable owner of the real estate in question, it is unnecessary for us to decide. It is sufficient to say that we think it clear that by the provision of the amended § 370, authorizing courts of probate to direct executors and administrators to convey the title of deceased persons to real estate held by them in a fiduciary capacity, it was not intended to empower such courts to hear and decide disputed questions of title. In granting or denying an application under this statute, the Court of Probate considers the question of the title of the deceased only indirectly and incidentally for the purpose of determining whether an order ought to be made; and in ordering the conveyance it passes upon the question of title to no greater extent than to decide that there is such an apparent trust title as justifies the making of the order. Neither the Court of Probate, nor the Superior Court sitting as a Court of Probate upon this appeal, possessed the power in this proceeding to adjudicate the disputed question of title, as was done in this case. Courts of probate cannot in this State try and determine disputed titles to land. *Gold's Case,* Kirby, 100; *Homer's Appeal,* 35 Conn. 113; *Hewitt's Appeal,* 53 Conn. 24, 37, 1 Atl. 815; *Mallory's Appeal,* 62 Conn. 218, 223, 25 Atl. 109; *Chamberlin's Appeal,* 70 Conn. 363, 378, 39 Atl. 734.

In *Homer's Appeal, supra,* the Court of Probate passed an order directing an administrator to deliver the personal property of the estate of the deceased

wife to her surviving husband. In holding that the court had no power to make the order, this court said that a Court of Probate could not "try and determine in this summary mode the title to property in dispute, and pass an order upon the administrator requiring him to deliver possession of the property to the party in whose favor the decision was rendered."

As it was perfectly apparent that the court could not grant the order asked for in this case, without decid-ing the disputed question of title to the land, the abso-lute title to which was by the language of the deeds in Mrs. Wilson, the Superior Court should have affirmed the order of the Court of Probate denying the application, and it erred in assuming to adjudicate in this proceeding the disputed question of title.

There is error, the judgment of the Superior Court is reversed and the cause remanded with direction to affirm the order and decree of the Court of Probate.

In this opinion the other judges concurred.