JANE SLATTERY ET AL. *vs.* VERNA CURRIE WOODIN
ET AL. (JANE SLATTERY ET AL., APPEAL FROM PRO-
BATE).

Third Judicial District, Bridgeport, October Term, 1915.
PRENTICE, C. J., THAYER, RORABACK, WHEELER and BEACH, Js.

Upon an appeal from an order of distribution involving the ascertain-
ment of the heirs of an intestate, neither party is entitled to a jury
trial in the Superior Court.
Controversies arising in the probate court during the settlement of
estates are not "civil causes or actions" in the ordinary sense, nor
do they become such by an appeal to the Superior Court, in the
trial of which that tribunal sits merely as an appellate probate
court with restricted powers and not as a constitutional court of
general or common-law jurisdiction.

Argued October 29th—decided December 17th, 1915.

APPEAL from an order and decree of the Court of
Probate for the District of Danbury distributing the
estate of Peter T. Currie of Danbury, deceased, to the
defendant Woodin as the sole heir at law of said de-
cedent, taken by the plaintiffs to the Superior Court
in Fairfield County and tried by the court, *Curtis, J.*,
after the plaintiffs' motion for a jury trial had been
denied; facts found and judgment rendered for the
defendant confirming the decree of the Court of Pro-
bate, from which the plaintiffs appealed for alleged
error of the trial court in denying their motion for a
trial to the jury. *No error.*

The order and decree of the Court of Probate di-
rected that the real and personal estate of the intestate
be distributed to Verna Currie Woodin, the daughter of
the intestate, as the only heir at law and sole dis-
tributee of said estate. The appellants, who are sisters
of the intestate, appealed to the Superior Court, as-
signing as reasons of appeal that the appellants are the

only legal heirs of the deceased and that the appellee was not his natural nor legitimate child. Appellee filed a general denial, and the appellants in due season claimed the case for a jury trial upon all the issues of fact. On appellee's motion the case was stricken from the jury docket. Judgment was subsequently rendered for the appellee and the decree of the Court of Probate confirmed.

The assignments of error raise the single question whether in an appeal from an order of distribution, involving the ascertainment of the heirs of an intestate, the appellants were entitled, upon claiming the case in due season, to a jury trial upon the issue of the paternity of the heir and distributee.

*Howard W. Taylor*, for the appellants (plaintiffs).

*Eugene C. Dempsey*, for the appellees (defendants).

BEACH, J. Since 1826 our statutes have provided for a jury trial in appeals from probate involving the validity of a will, but not in other appeals from probate; thus plainly excluding from the jury docket all appeals from probate except those involving the validity of a will or paper purporting to be such; and by the common consent of the profession this always has been so understood.

The appellants, however, claim that if such is the effect of the present statute (Chapter 178 of the Public Acts of 1911, p. 1440), it is unconstitutional because the statutes in force at the adoption of the Constitution of 1818 provided that "all actions that shall be tried before the Superior or County courts, when issue is joined on any matter of fact, shall be tried by a jury of twelve men," etc. Revision of 1808, p. 35, § 8. And because they also provided that the Superior Court

should have jurisdiction of "civil causes or actions, between party and party, whether the same do concern the realty, and relate to any right of freehold or inheritance; or whether the same do concern the personalty," etc. Revision of 1808, p. 205, § 24.

Appeals from probate are not "actions" or "civil causes or actions, between party and party." The accepted meaning of the term "civil action" in this State is very well illustrated by the provision of our Practice Act (General Statutes, § 607) that "there shall be but one form of civil action, and the pleadings therein shall be as follows: The first pleading on the part of the plaintiff shall be known as the complaint, and shall contain a statement of the facts constituting the cause of action, and a demand for the relief to which he supposes himself to be entitled." Controversies arising in the Court of Probate in the course of the settlement of estates are not civil actions in that sense. They are not commenced by the service of process and no complaint or other pleadings are required. On the contrary, the parties to such controversies are not permitted to delay the settlement of the estate by instituting civil actions in the courts of general jurisdiction to determine their rights. Public interest requires that so far as the determination of their controversies is necessary to the settlement of the estate, they should be determined in the Court of Probate as matters incidental to such settlement, by the informal proceedings which are customary in those courts.

Neither is an appeal from the Court of Probate to the Superior Court a civil cause or action. It has no more of the ordinary attributes of a civil action than the original proceedings in the Court of Probate. The rules of court require that the appellant, "unless otherwise ordered," shall file reasons of appeal, and that other

pleadings "may thereafter follow in analogy to civil actions." Rules of the Superior Court, p. 207, § 13. The phrase "in analogy to civil actions" expresses the proper status of an appeal from probate, as a special proceeding authorized by statute, but not a civil action. Independently of the language of the rule, appeals from probate are not civil actions because it has always been held that the Superior Court, while hearing appeals from probate, sits as a court of probate and not as a constitutional court of general or common-law jurisdiction. It tries the questions presented to it *de novo*, but in so doing it is not exercising the general jurisdiction conferred upon it by the statutes on which the appellants rely. It is exercising a special and limited jurisdiction conferred on it by the statute authorizing appeals from probate. It was solely by force of this statute that the appellants were able to reach the Superior Court at all; and when reached by that path the Superior Court is a tribunal which has no greater powers than those of the Court of Probate. *Davis' Appeal*, 39 Conn. 395, 401; *Hewitt's Appeal*, 53 Conn. 24, 1 Atl. 815; *Mallory's Appeal*, 62 Conn. 218, 223, 25 Atl. 109; *Mack's Appeal*, 71 Conn. 122, 129–131, 41 Atl. 242; *Wilson* v. *Warner*, 84 Conn. 560, 564–566, 80 Atl. 817. It is, in effect, a court of probate in which no right of trial by jury exists, save as it is specially conferred by statute.

The appellants make the claim that their appeal relates to a "right of freehold or inheritance," within the very words of the statute of 1808; but those words are intended to confer upon the Superior Court jurisdiction of actions, such as actions of ejectment and trespass, specially adapted for the purpose of trying the title to land; and the Superior Court on this appeal sits as a court of probate and has no jurisdiction to try the title to land. *Wilson* v. *Warner*, 84 Conn. 560, 80

Atl. 817. It ascertains the rightful heir in this case only as an incident of its probate power to distribute intestate real estate, and in so doing it follows our probate, and not our common-law, procedure.

There is no merit in the claim that the trial court erred in declining to exercise its discretion in favor of a jury trial.

There is no error.

In this opinion the other judges concurred.