CHARLOTTE A. MOORE
vs.
APPEAL FROM PROBATE

Superior Court      Fairfield County      File #47229

Present: Hon. JOHN A. CORNELL, Judge.

Albert J. Merritt,      Attorney for the Plaintiff.

Samuel F. Beardsley,      Attorney for the Defendant.

MEMORANDUM FILED JUNE 29, 1935.

CORNELL, J. The only objection to the granting of this motion is that "the issues are not closed."

The instant appeal was returned to this court on the first Tuesday of March, 1935. Reasons of appeal were filed on May 1st, 1935.

An appeal from probate from the admission of a will is not a "civil action" in the accepted meaning of that term. **Slattery vs. Woodin, 90 Conn. 50.**

The purpose of filing reasons of appeal is simply to give notice to the grounds of objection to the admission of a will and to then limit the appellant to proof of such grounds. **St. Leger's appeal from Probate, 35 Conn., 447—448.**

While the Practice Act requires that they be answered or otherwise pleaded to, as a practical matter it is immaterial in the ordinary case whether they are or are not. In either event they serve the purpose for which, alone, they are intended. **St. Leger's appeal, Supra.**

So, here, in view of the time which has elapsed since reasons of appeal were filed, the only pleading available to appellee is a denial of them in toto, since it can hardly be assumed that any of them will be admitted.

Such being the case, the issues are now as fully formulated as they ever will be, in effect. There can, hence, be no valid objection to the granting of the motion; except the purely technical one (which was not urged at the hearing) that no copy of the will was filed with the reasons of appeal as required by **Practice Book, #89.**

The motion is granted effective upon the filing of such copy of the will within 5 days from the filing of this memorandum.

The moving party will prepare an order and submit it for approval before the case is filed and recorded. It is suggested that counsel confer with opposing counsel as concerns the necessary details, so that, if possible their mutual convenience may be accommodated.