## Frank Brookfield v. Barbara K. Hutchins.

Maltbie, C. J., Hinman, Brown and Jennings, Js.[1]

Argued February 6—decided March 6, 1940.

---

[1] By agreement of counsel the case was argued before and decided by four judges.

*Warren F. Cressy,* for the appellant (defendant).

*Thomas J. Ryle,* for the appellee (plaintiff).

JENNINGS, J.  The plaintiff secured judgment for the return of a deposit made by him on a contract to purchase certain real estate of the defendant.  A deed of the real estate had been tendered by the defendant to the plaintiff.  If the deed did not conform to the contract of purchase, the plaintiff was entitled to judgment, otherwise not.

The facts were not disputed.  Edward William Fisher at one time held the legal title to this property.  Fisher died in England.  His estate was probated there.  Application for administration of the Connecticut property referred to was applied for, a copy of his will was admitted to probate and an ancillary administrator c. t. a. was appointed.  The application for administration stated that Fisher held the property as trustee to secure an indebtedness from Henry A. Gibbs to the firm of which Fisher was a member.  After administration had been granted the property referred to was inventoried and appraised.  The inventory stated, among other things, that the real estate in question was held by Fisher as agent and trustee for his firm to secure the debt owed to the firm by Gibbs and that on payment of the debt to the firm, Fisher, as fiduciary, "was under contract to reconvey the same property to Henry A. Gibbs of Darien."  The Connecticut administrator then made application to the Court of Probate for the district of Darien for permission to transfer the property to the beneficiary, stating that the beneficiary was prepared to perform the condition on

which the trust depended. Notice was given, the hearing was had, an order was entered, the transfer was made, the necessary returns and administration account were filed and the matter closed in the Court of Probate. Nothing appears in the record of the probate proceedings to show any contest or what evidence was offered in support of the application for transfer.

The agreement of sale by the defendant to the plaintiff read in part as follows: "If upon examination of the title there shall appear to be any defect . . . affecting the marketability of the title to the above described premises, . . . the purchaser shall elect either (1) to receive a conveyance of the title as it exists, subject to said defects, without modification of the purchase price, or (2) to rescind the contract, in which case the purchaser shall be entitled to receive back from the seller any amount or amounts paid on the purchase price, together with the reasonable expense of examination of the title upon payment of which by the seller, the seller shall have no further liability under this contract and the same shall become void and of no effect."

When the deed of the property was tendered to the plaintiff by the defendant, who held title under the conveyance authorized by the Court of Probate, the plaintiff's refusal to go through with the transaction was based on the claimed invalidity of this transfer from the estate of Fisher to Gibbs. It was agreed that if the Court of Probate had jurisdiction to order the reconveyance to Gibbs the title was good, otherwise it was defective. There is no occasion to consider whether, if the Court of Probate had jurisdiction to make the order, the estoppel created by it would extend beyond those interested in the estate under the will, by the laws of inheritance or as creditors. The trial court held, in accordance with the claims of the

plaintiff, that the proceedings referred to in the Court of Probate involved a finding that Fisher held the property by express trust and to that extent involved a trial of the title to the property beyond its jurisdiction, that the reconveyance constituted a defect in the title under the contract and that the plaintiff was entitled to judgment.

The defendant relies on General Statutes, § 4961, the relevant portion of which is printed in the footnote.[1] It has been the settled rule in this state that courts of probate do not possess the right to finally determine disputed titles to property. *Mack's Appeal,* 71 Conn. 122, 129, 41 Atl. 242; *Wilson* v. *Warner,* 84 Conn. 560, 565, 80 Atl. 718; 1 Cleaveland, Hewitt and Clark, Connecticut Probate Law, 142. "On the other hand, they have full and exclusive jurisdiction of the settlement of estates; and whenever in such settlement a judgment becomes necessary upon a controversy which is plainly within the jurisdiction conferred by statute, involving the consideration of title or other matter which per se is without that jurisdiction, it is clear that the court has power to consider such question, so far as may be necessary to render its judgment. This power is unavoidably implied in conferring the exclusive jurisdiction; and its exercise is not the exercise of the common-law power of a court of general jurisdiction, but is an exercise of the statutory

---

[1] Sec. 4961. CONTRACT OF DECEDENT FOR SALE OF LAND, HOW EXECUTED. The court of probate having jurisdiction of the settlement of the estate of any deceased person may, concurrently with courts of equity, authorize the executor or administrator to convey the title of the deceased in any real estate to any person entitled to it by virtue of any contract of such deceased person, or to convey the title of such deceased in any real estate held or taken by him in any fiduciary capacity to his successor or to the person or persons entitled thereto;

jurisdiction conferred." *Mack's Appeal*, supra, 130; Cleaveland, Hewitt and Clark, supra, 143.

Applying this rule to determine whether or not the order for reconveyance arose out of the power granted by the statute, we find that the jurisdiction of the Court of Probate attached because the ancillary administrator found property in the probate district the legal title to which was in the deceased. *Clarke* v. *Clarke*, 178 U. S. 186, 190, 20 Sup. Ct. 873, 44 L. Ed. 1028, affirming *Clarke's Appeal*, 70 Conn. 195, 483, 39 Atl. 155, 40 Atl. 111; *Reilly* v. *Pepe Co.*, 108 Conn. 436, 447, 143 Atl. 568. It was necessary to make some disposition of this property to close the estate. It was found that the deceased was under contract to convey the property to Henry A. Gibbs, the person entitled thereto, practically the very words of the statute. It follows that the determination of the title was a necessary incident to the issuance of the order, arose out of the power conferred by the statute and that, in the absence of a substantial dispute on the subordinate question of title, the Court of Probate had the power to order the reconveyance.

On the question of the existence of a dispute, it is important to note that the application was not made to force the fiduciary to convey but was made by the representative of the fiduciary for permission to convey the legal title to the person entitled thereto. It should also be mentioned in passing that the papers filed in the Court of Probate to accomplish this result were prepared with meticulous care. In short, the action of the Court of Probate accomplished the precise result intended by the statute, the inexpensive and prompt adjustment of the inequitable situation, technical rather than controversial, arising because of the unexpected death of the fiduciary with the legal title in his name. See *Bowne* v. *Ide*, 109 Conn. 307, 315,

147 Atl. 4. When a petition is filed under the statute, the first duty of the Court of Probate should be to determine whether or not there is a substantial dispute as to the rights of the parties; if there is, that court cannot act but must leave the parties to the adjudication of their rights in an ordinary action; if there is not, it may proceed to authorize the conveyance of the property.

The plaintiff relied almost entirely on the case of *Wilson* v. *Warner,* supra, which held that the determination of a disputed question of title was beyond the jurisdiction of the Court of Probate and, on appeal from the decree, of the Superior Court. That case bears a superficial resemblance to that at bar but is not controlling in the situation here disclosed. In that case the beneficiary of the trust sought to compel a transfer by the administrator under the terms of the statute cited. It furnished an active contest, including two trials and two appeals to the Supreme Court, and was an appeal from the original judgment instead of a collateral attack on a judgment of some years standing. Furthermore, the *Wilson* case in various portions of the opinion recognizes the propriety of the order in the absence of a dispute as to title. See, for example, page 563: "It is evident that it was not the purpose of this application to procure a mere formal transfer of such trust title as the deceased may have had in the real estate in question. Manifestly the real object of this proceeding was to obtain a judicial determination of the disputed question of whether the described real estate, the apparent absolute title to which, both by deed and record, for twenty years had been in the plaintiff's wife, or her estate, was really owned by her, or merely held by her under an implied resulting trust, while the real owner was the plaintiff."

The conclusion that the order of reconveyance was a proper exercise of the power of the Court of Probate makes it unnecessary to consider other questions raised by the defendant. The case turned and was decided upon the issues raised by the plaintiff's complaint. The defendant is entitled to judgment on these issues. Since there may be issues raised by the cross-complaint for specific performance and damages not disposed of by the finding, a new trial as to them only is necessary.

There is error and the case is remanded to the Superior Court for further proceedings.

In this opinion the other judges concurred.