HASMIG MAHAKIAN ET AL.
*vs.*
DAVID KALAMIAN ET AL.

Superior Court    New London County    File No. 16178

MEMORANDUM FILED MAY 8, 1945

*Frederick C. Hesselmeyer*, and *Pond, Morgan & Morse*, of New Haven, for the Appellants.

*Hull, McGuire & Hull*, of New London, for the Appellees.

INGLIS, J. This is an appeal from a decree of a probate court admitting to probate the will of Mihran Kazanjian. It is brought by Hasmig Mahakian, an heir at law, but in the appeal she alleges that "she appeals on behalf of herself in- dividually and on behalf of half brothers and sisters of the

deceased similarly situated, whose names and addresses are as follows: Hasmig Mahakian, 65 Caroline Street, Hamden, Connecticut; Arex Mardirosian, 3048 Kingsbridge Terrace, Bronx, New York; Dertad Kazanjian, 2222 Ventura Avenue, Fresno, California; Berdj Kazanjian, 260 Coolidge Avenue, Manchester, New Hampshire; Yeprad Kazanjian, 150 5th Street, Bridgeport, Connecticut; and Tigris Kazanjian, 544 Washington Avenue, Bridgeport, Connecticut. The pending motion is that in so far as all of the persons named except Hasmig Mahakian are concerned, the pretended appeal in their behalf be erased from the docket.

The appellant, in taking the appeal on behalf of the others, intended to act under section 5519 of the General Statutes, Revision of 1930, and that is the only provision of law which could be claimed to justify such procedure. That section reads as follows: "When the persons who might be made parties shall be very numerous, so that it would be impracticable or unreasonably expensive to make them all parties, one or more may sue or be sued....for the benefit of all." The contention of the appellant is that because of the diversity of residence of the other parties in interest it would have been impracticable to have procured their signatures to a bond on appeal which had to be filed with the appeal within the thirty days after the decree was entered.

There are at least two reasons why the statute quoted does not apply to the present case. The first is that the statute is a part of Title LVIII of the General Statutes, which applies only to "Civil Actions" and, although it is true that by rule of court pleadings in probate appeals after the reasons of appeal "follow in analogy to civil actions", it has been held that such appeals themselves are not civil actions. *Slattery vs. Woodin,* 90 Conn. 48, 50. The second reason is that the statute in terms applies only to cases where possible parties are "*very* numerous" (Italics added). It is not enough alone that it would be impracticable to join them. The impracticability must be one arising from the fact that the parties are very numerous. It could hardly be held that only six possible parties were very numerous parties. It is therefore clear that the statute in question does not justify the method of procedure as to parties which has been followed in this case.

It has been suggested by the appellant that inasmuch as those heirs at law upon whose behalf she has undertaken to

appeal are not parties to the appeal, they are not subject to a motion to drop them as parties. The answer to that is that this motion is not a motion to drop them as parties. The motion is that the appeal in so far as it purports to be their appeal be erased. Clearly the appellee is entitled to a ruling that they are not actually parties to these proceedings. It does not appear that there is any way in which the issue can be raised other than by such a motion as this. It must be that the appellant intended to make them parties, and inasmuch as she has not succeeded in doing so, in order to clear the record, an order is necessary, erasing the appeal in so far as it purports to be an appeal taken by them.

The motion to erase the appeal in so far as it purports to be the appeal of Arex Mardirosian, Dertad Kazanjian, Berdj Kazanjian, Yeprad Kazanjian and Tigris Kazanjian is granted.