SOPHIA MILLER'S APPEAL FROM PROBATE (ESTATE OF CLARA E. BARNES)

SUPERIOR COURT FAIRFIELD COUNTY FILE No. 100403

Memorandum filed November 26, 1956.

 

*Goldstein, Flynn & Brannelly,* of Bridgeport, for the appellant.

*Julius N. Smith,* of Bridgeport, for P. Miller, trustee.

*Shannon & Wilder,* of Bridgeport, for Mary Wallace, executrix.

*Goldstein & Peck,* of Bridgeport, for J. Barnes, conservatrix.

PHILLIPS, J. This appeal is brought upon the basis of a written contract between the appellant, Sophia Miller, and Thomas M. Barnes, Jr., who, it is alleged, "was then Administrator of the Estate of the deceased Clara E. Barnes and Trustee of certain trusts under the Will dated December 24, 1943." The agreement provided for a cash payment to the appellant and contained a promise that she was to be cared for for the rest of her natural life. The appellant agreed to withdraw her objection to the probate of the will dated December 24, 1943. This agreement was approved by the Probate Court on December 5, 1946. Apparently the cash payment was made. The appeal is from the orders accepting the final account and distribution of the estate, and accepting the final account and distribution of the trust estate, on the ground that they contained no provisions for the care of the appellant during her natural life. The executrix under the will of Thomas M. Barnes, Jr., filed a motion to erase the appeal on the ground that it does not appear from the motion for appeal that the appellant is aggrieved by these orders under the statute, § 7071. The executrix also filed a plea in abatement.

Any claim which the appellant has by reason of the facts alleged in her motion for appeal arises out

of a contract by an individual who was then administrator of the estate. If the individual signed as administrator, any suit to enforce the obligation would lie against the administrator personally. Apart from statute suit would not lie against him in his representative capacity. 2 Locke & Kohn, Conn. Probate Practice, § 444. If the contract obligation was properly incurred, the fiduciary might have reimbursement from the estate, through an allowance to him in his account. Id., § 445.

The facts alleged in the motion for appeal do not bring the case within the statute, § 7954, providing that where the claim against the fiduciary grows out of moneys paid or services rendered the estate, judgment may be rendered "to be paid wholly out of the estate," even under the broad construction given to the statute in *Hewitt* v. *Beattie,* 106 Conn. 602, 615. Nor do the facts alleged show any basis for an equitable lien against the estate such as was allowed by the majority opinion in *Benedict* v. *Chase,* 58 Conn. 196.

The facts alleged by the appellant do not constitute the appellant a creditor of the estate, or a beneficiary under the will, and she has no right to appeal from the settlement of the accounts. *Burke* v. *Terry,* 28 Conn. 414. She is not an aggrieved person under § 7071.

The motion to erase is granted. *Felletter* v. *Thompson,* 133 Conn. 277, 279, 280.