Donald DiFrancesca *v.* Diane Rousseau

Superior Court    Judicial District of    File No. 27543
Middlesex

Memorandum filed June 27, 1979

*DiFrancesca & Archambault* and *Lloyd E. Hinchey* for the plaintiff.

*John J. Carta, Jr.,* for the defendant.

DONALD T. DORSEY, J. This action is an appeal from a decree of final accounting of the Probate Court, district of Haddam. The plaintiff provided legal assistance to the executrix of the estate of Winifred Bailey and submitted a bill for those services in the amount of $3300. The court approved and allowed the final account of the executrix but disallowed $2300 of the legal fees. The plaintiff alleges that he is aggrieved by the court's order and decree.

The defendant has moved to dismiss the appeal on the ground that the court lacks jurisdiction over the subject matter. She points out in her brief that the plaintiff is not a creditor of the estate of Winifred Bailey, he is a creditor of the executrix. *Hewitt* v. *Beattie,* 106 Conn. 602. Prior to the passage of § 52-202 of the General Statutes, the exclusive remedy of such a post mortem creditor was an action against the fiduciary personally. The enactment of § 52-202 provided an additional remedy for the creditor. It did not change the nature of the obligation from a personal one to an estate obligation, it merely conferred an additional remedy upon the creditor.[1]

---

[1] "[General Statutes] Sec. 52-202. ACTION AGAINST FIDUCIARY. In any case in which any person has a legal claim against any executor, administrator, guardian or trustee, growing out of moneys paid or services rendered for the estate in the hands of such executor, administrator, guardian or trustee, and which should justly be paid out of such estate, a civil action may be brought by such claimant against such executor, administrator, guardian or trustee, while in office, or against the successor of any of them, if he has ceased to hold such office. If such claim is found to be a just one and one which ought to

*Burke* v. *Terry,* 28 Conn. 413, is authority for the proposition that a claim against an administrator for legal services rendered in the settlement of an estate does not make the provider of those services a creditor of the estate. In *Burke,* the court declared that such a creditor is not aggrieved and, therefore, has no right to appeal. The court noted that such a claimant has a perfect remedy against the fiduciary, his debtor, and may sue him without delay for whatever sum is due from him. *Burke* v. *Terry,* supra, 415–16. *Sophia Miller's Appeal from Probate,* 20 Conn. Sup. 179, illustrates the vitality of the *Burke* decision, despite its antiquity. Sophia Miller appealed from the orders accepting the final account and distribution on the ground that they contained no provision for financing her care for the rest of her natural life. The administrator had so obliged himself to Miller in a written contract in consideration of her withdrawal of her objections to the probate of the will. The court found that this obligation was personal to the administrator, and did not obligate him in a representative capacity. The court thereafter concluded that the obligation did not make Miller either a creditor of the estate or a beneficiary under the will and, hence, that she was without standing to appeal.

An earlier case, *Ballard* v. *Ballard,* 13 Conn. Sup. 400, establishes the standing of an executrix to appeal from the Probate Court's disallowance of part of the sums requested in her final account for

---

be equitably paid out of such estate, judgment may be rendered in favor of such claimant, to be paid wholly out of the estate so held by such executor, administrator, guardian or trustee; provided, if there is not sufficient estate to satisfy such claim or claims in the hands of such executor, administrator, guardian or trustee, this section shall not be so construed as to prevent any claimant from pursuing his legal remedy against such executor, administrator, guardian or trustee, at his election, for the balance that may be due him, nor from electing to hold any such official liable to his personal responsibility for any debt contracted in the execution of such trust."

the payment of legal fees advanced and paid for out of her personal funds. The estate denied that the plaintiff was aggrieved in her capacity as executrix. The court determined that the status of the executrix was not that of a creditor, but of one seeking indemnity. It further noted that the account in which the fiduciary seeks allowance for his expenditures is not between him individually and the estate, but is between him in his representative capacity and the estate. Hence, a denial of reimbursement caused pecuniary aggrievement to the fiduciary.

Prior to 1882, the date of passage of the predecessor of § 52-202 of the General Statutes, a creditor of a fiduciary was limited to a personal action against the fiduciary. Subsequent to the passage of that statute a creditor was permitted to institute suit against the fiduciary in his representative capacity and the court was permitted to render a judgment to be paid wholly out of the estate. *Hewitt* v. *Beattie,* 106 Conn. 602, 612–13.

The express language of § 52-202 permits a civil action. Nothing therein expands the standing of a post mortem creditor of an estate or authorizes an appeal, which is a special statutory procedure. *Slattery* v. *Woodin,* 90 Conn. 48. Absent legislative authorization to appeal or the existence of traditional standing, the plaintiff is restricted to his civil action remedies.

Accordingly, the defendant's motion to dismiss is granted.